Morgan J. GRAMEGNA,
Plaintiff–Appellant,

v.

Willie JOHNSON, Warden, Beatrice Jones, Class Specialist Central Records, Alabama Department of Corrections, Defendants–Appellees.

No. 86–7581.

United States Court of Appeals,
Eleventh Circuit.

June 7, 1988.

Morgan J. Gramegna, pro se.

Arthur J. Madden, III, Mobile, Ala., for plaintiff-appellant.

Charles A. Graddick, Atty. Gen., Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before KRAVITCH, Circuit Judge, HENDERSON *, and HENLEY **, Senior Circuit Judges.

HENLEY, Senior Circuit Judge:

Appellant Morgan J. Gramegna, an Alabama prisoner, filed this 42 U.S.C. § 1983 action alleging that delays by appellees (prison officials and the Alabama Department of Corrections) in delivering his mail caused him to lose his right to appeal in a state *coram nobis* proceeding. Gramegna appears to be seeking both damages and injunctive relief. The district court concluded that the individual defendants' actions did not cause Gramegna to lose his right to appeal and that the Department of Corrections was immune from suit. We vacate and remand.

Gramegna pleaded guilty to felony theft of property in Alabama state court. No direct appeal was taken from his conviction. On January 9, 1985, while an inmate at Holman Prison, Alabama, Gramegna filed a pro se *coram nobis* petition in state court. Gramegna's petition was denied without opinion on January 19, 1985. Notice of the denial was sent to the Central Records Office, Alabama Department of Corrections.[1] Central Records received the notice of denial on January 28, 1985.

It is the practice of Central Records to allow inmate mail to accumulate until a sizeable bundle has amassed. The mail is then hand delivered to a classification officer at the prison who in turn delivers it to the inmates. The classification officer for

Holman during the period pertinent to this case, appellee Beatrice Jones, testified that the system resulted in a delay in the mail most of the time.

Jones first attempted to deliver the notice to Gramegna on March 11, 1985. She ultimately delivered the notice to Gramegna on March 18, 1985. It was Jones' practice to deliver legal mail once a week and all the mail that arrived that week would be delivered.

Gramegna mailed a notice of appeal to the Alabama Court of Appeals from the denial of his *coram nobis* petition the day after he received the notice. Gramegna subsequently received a response from the clerk of court that a notice of appeal must be filed within forty-two days and that his notice was therefore untimely. *See* Ala.R. App.P. 4. Gramegna then moved the Alabama Court of Appeals for permission to file an untimely appeal, which was denied.

Gramegna commenced this pro se § 1983 action in the United States District Court for the Southern District of Alabama by filing a complaint on the appropriate court-provided form. The district court ordered the clerk to serve Gramegna's complaint. The Alabama Attorney General's Office appeared on behalf of the defendants and moved to dismiss the action. The motion was denied.

On October 18, 1985 Gramegna filed his witness list which, in addition to various individuals, included Central Records. The court issued subpoenas for all but Central Records. On November 13, 1985 an evidentiary hearing was held before a United States magistrate. On June 17, 1986 the magistrate recommended that judgment be entered in favor of the Warden because he had no role in the delay of Gramegna's mail. The magistrate also recommended that judgment be entered in favor of Jones because the evidence revealed that she did not receive the notice from Central Records

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Because inmates are moved from prison to prison, it is common practice for the mail to be sent to Central Records, which in turn distributes the mail to the appropriate prison.

until after the time for filing a notice of appeal had passed, and any additional delay in delivery was inconsequential. Finally, the magistrate recommended judgment be entered in favor of Central Records because it was not a person within the meaning of 42 U.S.C. § 1983 and was immune from suit.

On June 26, 1986 Gramegna filed a paper with the court indicating that he had learned which individual at Central Records was responsible for processing the mail, and asked if it was possible to amend his complaint. The magistrate refused to allow Gramegna to amend his complaint because "the period of limitations applicable to this case is six years. Therefore, no prejudice to Plaintiff will result from a requirement that he commence a new action against the Defendant sought to be added." On July 31, 1986 the district court adopted the recommendation of the magistrate and judgment was entered in favor of the three defendants. This appeal followed. After the appeal was docketed in this court, counsel was appointed to represent appellant.

■ The states are required to provide prisoners access to the courts to challenge violations of their constitutional rights. *Procunier v. Martinez*, 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). As a necessary corollary to this right, the states must permit the prisoner meaningful access to the postal system as this is typically the only manner in which a prisoner may communicate with the court. *See Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977) (state must provide inmates with stamps to mail legal documents). "Regulations and practices that unjustifiably obstruct ... the right of access to the courts are invalid." *Procunier*, 416 U.S. at 419, 94 S.Ct. at 1814. It cannot be gainsaid that Central Records' practice of allowing mail to accumulate before forwarding it to the prisoners unconstitutionally infringes on their right of access to the courts. While the appellees contend that this delay was a one time occurrence, appellees' Supplemental Brief at 9, the record discloses otherwise.

Jones testified that untimely delivery of the mail was the norm. Further, another inmate, Michael Gallagher, testified that he had also lost his right to appeal in a *coram nobis* proceeding because of untimely mail delivery.

■ As to appellee Johnson, the testimony of Jones established that this particular piece of mail did not pass through his hands, but came directly to Jones. No evidence disclosed that Johnson, as Warden of Holman Prison, instituted any regulation or engaged in any practice which would delay the prisoners' receipt of mail. While the evidence did disclose that Jones delayed delivery of Gramegna's mail for seven to fourteen days, the unrebutted evidence is that she did not receive the notice of denial of Gramegna's *coram nobis* petition until after the time for filing a notice of appeal had passed. Thus, any delay by Jones did not contribute to denying Gramegna's access to the courts. Finally, as to Central Records, the Supreme Court has held that a suit directly against the Alabama Department of Corrections is barred by the eleventh amendment. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978).

Normally this would end our inquiry as we have addressed all the issues briefed on appeal and issues not briefed are deemed waived. *Bray v. Director, Office of Workers' Compensation Programs*, 664 F.2d 1045, 1049 (5th Cir. Unit B 1981); *Martin v. Atlantic Coast Line Railroad Co.*, 289 F.2d 414, 417 (5th Cir.1961). This policy derives from Fed.R.App.P. 28 which requires a statement of issues to be included in appellant's brief. *United States v. Carruth*, 699 F.2d 1017, 1021 n. 5 (9th Cir. 1983), *cert. denied*, 464 U.S. 1038, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984). We may, however, suspend the appellate rules where manifest injustice would result from the default. Fed.R.App.P. 2; *United States v. Anderson*, 584 F.2d 849, 853 (6th Cir.1978). We therefore turn to the district court's denial of Gramegna's motion to amend his complaint, which we raise *sua sponte*.

■ The magistrate denied Gramegna's motion to amend one day after it was filed, before the appellees could respond. The

sole ground for the magistrate's decision was that no prejudice would result to Gramegna because he had ample time to file another § 1983 action against new defendants. This decision was plain error. While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir.1984). Here, justice strongly favors Gramegna's motion as the Alabama Department of Corrections' delay of inmates' mail was not an isolated incident and was a patent deprivation of the prisoners' right of access to the courts. Indeed, where the amendment to the pleading is aimed at curing an eleventh amendment pleading defect, the Supreme Court has allowed amendment of the complaint even after appeal to that Court. *Regents of the University of Michigan v. Ewing,* 474 U.S. 214, 221–22 n. 6, 106 S.Ct. 507, 511–12 n. 6, 88 L.Ed.2d 523 (1985); *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985).[2]

Finally, the magistrate improperly placed the focus on whether Gramegna would be prejudiced if his motion to amend was denied. The proper inquiry is whether Gramegna was guilty of undue delay or bad faith, or whether undue prejudice would result to the appellees. *Espey,* 734 F.2d at 750. There is no evidence that any of these factors was considered, much less that they exist.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.[3]

---

**2.** Little is gained by forcing Gramegna to attempt to traverse the quagmire of eleventh amendment pleading requirements through the successive filing of complaints until he hits upon a proper defendant. *See generally* Pagan, *Eleventh Amendment Analysis,* 39 Ark.L.Rev. 447, 451 (1986). Allowing Gramegna to amend his initial complaint would more fully meet the goals of the Rules of Civil Procedure—"to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

---

**3.** Gramegna has filed another § 1983 complaint. *Gramegna v. Jones,* No. 86–0677–H–S (D.C. S.D. Ala. filed July 28, 1986). Gramegna's second case was originally scheduled for an evidentiary hearing on March 11, 1987. The case was taken off the docket one week prior to the hearing pending motions for summary judgment. Those motions have yet to be decided. We suggest that these two cases may be consolidated and thereafter be given prompt attention.