983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis BARTHOLOMEW, James Albert "Butch" Gibson, Herbert,
Holloway and Mark Pollio, Defendants-Appellants.
 No. 91-6298, 91-6299, 91-6300 and 91-6500.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1993.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM:
 
 
 1
 Defendants Dennis Bartholomew, James Albert "Butch" Gibson, Herbert Holloway, and Mark Pollio appeal their sentences after pleading guilty to charges relating to a conspiracy that distributed cocaine and marijuana in Tennessee. Defendants Gibson, Holloway, and Pollio contend that the District Court erred in applying the Sentencing Guidelines to their convictions, asserting that they had withdrawn from the conspiracy prior to the guidelines effective date of November 1, 1987. Defendants Gibson, Holloway, and Pollio also contend that the District Court erred in not granting them a two-point reduction for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1. Defendant Gibson further contends that the District Court erred by including within his sentence drugs sold by the conspiracy after his asserted withdrawal. Defendant Holloway contends that the District Court erred in including cocaine trafficking as relevant conduct. Finally, defendant Bartholomew contends that the District Court erred by including as relevant conduct the acts underlying counts to which he did not plead guilty. For the reasons set forth below, we AFFIRM the District Court's application of the Sentencing Guidelines.
 
 I.
 
 2
 This Court reviews District Court application of the Sentencing Guidelines only for clear error. United States v. Duque, 883 F.2d 43, 44-45 (6th Cir.1989).
 
 II.
 
 3
 Defendant James Albert "Butch" Gibson contends that the District Court erred by applying the Sentencing Guidelines to his conviction, by not adjusting his sentence for acceptance of responsibility and by incorrectly calculating the quantity of drugs which should form the basis of his sentence.
 
 
 4
 On the first issue, Gibson argues that he was not involved in the conspiracy after November 1, 1987, and thus the Sentencing Guidelines should not be applied to his conviction. The Sentencing Guidelines apply to any conspiracy which continued after November 1, 1987, their effective date. United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992). In order to avoid sentencing under the Sentencing Guidelines for a conspiracy that continued after that date, a defendant must show that he withdrew earlier. Id. To withdraw from a conspiracy, a defendant must take affirmative action to defeat or disavow the conspiracy's purpose. United States v. Edgecomb, 910 F.2d 1309, 1312 (6th Cir.1990). Gibson testified that he was aware in 1986 that Richard Usery had been arrested and had begun cooperating with law enforcement. On that basis, Gibson argues that he had withdrawn from the conspiracy prior to November 1, 1987. In applying the Sentencing Guidelines, however, the District Court found that despite this testimony Gibson had not withdrawn from the conspiracy. The District Court not only found this statement not to be sufficient affirmative action to withdraw, but also explicitly based its decision on testimony of other witnesses of his participation after that date which it found to be more credible. As a result, this application of the Sentencing Guidelines to Gibson is not clear error.
 
 
 5
 Second, Gibson argues that because he plead guilty, cooperated with the probation officer in preparation of the presentence report, admitted to a number of specific drug deals, and assertedly had withdrawn from the conspiracy after 1986, he is entitled to a two-point reduction of his offense level for acceptance of responsibility. This Court gives a district court's acceptance of responsibility determination great deference, reversing it only if the initial determination appears to have been without foundation. United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991). Under U.S.S.G. § 3E1.1, a defendant is entitled to this reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Defendant Gibson points to nothing in the trial record which would indicate that the District Court's determination that he had not demonstrated acceptance of responsibility was without foundation.
 
 
 6
 Third, Gibson argues that because he assertedly had withdrawn from the conspiracy in 1986, the District Court erred in calculating his sentence based partially on drugs subsequently sold by the conspiracy. As discussed above, however, the District Court explicitly found that Gibson had not withdrawn from the conspiracy. That finding was not clearly erroneous. Thus, the District Court's calculation was not clear error.[1]
 
 III.
 
 7
 Defendant Dennis Bartholomew contends that the District Court erred by including acts underlying counts for which Bartholomew had been indicted but which were not part of his plea, in its sentencing calculations. For this argument, Bartholomew relies on the now vacated panel decision in United States v. Davern, 937 F.2d 1041 (6th Cir.1991). Upon rehearing the case en banc, this Court held that Sentencing Guidelines "section 1B1.3 does permit an unconvicted ... conspiracy to be considered as relevant conduct to a possession offense because section 1B1.3(a)(2) expressly states that the entire course of conduct, common scheme or plan shall be considered." United States v. Davern, 970 F.2d 1490 (6th Cir.1992) (No. 90-3681, slip op. at 7) (en banc). In the present case, Bartholomew plead guilty to the count of distribution of cocaine, subject to the specific and explicit understanding that the government would seek to have the acts underlying the indictment count for conspiracy to possess with intent to distribute cocaine and marijuana included within relevant conduct for sentencing purposes. Just as in Davern including conspiracy as relevant conduct to possession is permissible, similarly it is not error on the part of the District Court to have included conspiracy as relevant conduct to distribution.
 
 IV.
 
 8
 Defendant Herbert Holloway contends that the District Court erred by applying the Sentencing Guidelines to his conviction, by not adjusting his sentence for acceptance of responsibility, and by applying a sixty-month minimum sentence. While the evidence linking Holloway to the conspiracy is minimal, being limited to testimony of David Boone that he had delivered to Holloway a large amount of cash in 1988, Holloway provides no evidence of any affirmative action showing that he had withdrawn from the conspiracy to which he plead guilty. As a result, this application of the Sentencing Guidelines to Gibson is not clearly erroneous.
 
 
 9
 Second, Holloway argues that because he plead guilty and admitted participation in the conspiracy up to November 1, 1987, he is entitled to a two-point reduction of his offense level for acceptance of responsibility. Holloway argues that the District Court's focus on the fact that he contested participation in the conspiracy after November 1, 1987 results in a rule that a defendant must agree with every aspect of the government's case in order to receive the acceptance of responsibility reduction. Defendant points to nothing in the trial record, however, which displays with sufficient clarity the requisite recognition and acceptance of responsibility such that the District Court's determination to the contrary was clear error.
 
 
 10
 Third, Holloway argues that because he denies involvement in the cocaine elements of the conspiracy, the District Court erred in including cocaine in the relevant conduct calculation upon which his minimum sentence is based. The District Court based its finding that Holloway had participated in cocaine trafficking upon the testimony of David Boone, Frank Nance, and Richard Usery, which it found to be more reliable than that of Holloway. As a result, the District Court's inclusion of cocaine was not clearly erroneous. Once included, the court was required to impose the statutory minimum sentence.
 
 V.
 
 11
 Defendant Mark Pollio argues that the District Court erred by applying the Sentencing Guidelines to his conviction and by not adjusting his sentence for acceptance of responsibility.
 
 
 12
 Unlike the other defendants in this case who claim they had withdrawn from the conspiracy before November 1, 1987, Pollio does present evidence of an affirmative act to disavow the purpose of the conspiracy. Pollio testified that in February of 1986 he called coconspirator James Beasley and informed him that he would no longer participate in the drug trafficking. According to Pollio, he told Beasley "that's it, meaning it's over between me and him, that the dealing was over." According to Pollio, he was motivated to withdraw from the conspiracy by the arrest of another drug dealer with whom Pollio had worked, Lennie Bass. In response to this testimony, the government confronted Pollio with phone records showing that on one day in October of 1987, well after this asserted withdrawal phone call, Beasley's beeper was called nineteen times from Pollio's home phone number. The government also confronted Pollio with a phone record showing he had called a number nearly identical to Beasley's on November 19, 1987, after the effective date of the Sentencing Guidelines. Pollio denied making these calls, in addition to having previously stated that he had a social relationship with Beasley beyond their criminal dealings. In sentencing Pollio, the District Court found that Pollio had not withdrawn prior to the effective date of the Sentencing Guidelines. The District Court stated that the only evidence of withdrawal was Pollio's own testimony and it found that testimony not to be credible. The credibility determination was based on the later phone calls to Beasley's beeper from Pollio's home phone, as well as the fact that Pollio told no one outside the conspiracy that he was withdrawing. While Pollio's withdrawal story is plausible, the government's evidence also makes it plausible that he did not withdraw. Thus, the District Court was not clearly erroneous in finding that Pollio continued to be involved in the conspiracy after November 1, 1987.
 
 
 13
 Second, Pollio argues that because he plead guilty and admitted to everything except involvement in cocaine transactions and except participation in the conspiracy after November 1, 1987, he is entitled to a two-point reduction of his offense level for acceptance of responsibility. Defendant Pollio states that he had done all he possibly could to deserve the acceptance of responsibility reduction. The District Court found, however, that Pollio had attempted to evade application of the Sentencing Guidelines by not giving "candid" testimony at the sentencing hearing. Nothing indicates that the District Court's determination that he failed to clearly demonstrate an affirmative acceptance of responsibility for his conduct was clear error.
 
 VI.
 
 14
 For the reasons stated above, we AFFIRM the District Court.
 
 
 15
 BOYCE F. MARTIN, Jr., Circuit Judge, concurring in part and dissenting in part.
 
 
 16
 Although I concur in the majority opinion as to defendants Dennis Bartholomew, Herbert Holloway, and Mark Pollio, I respectfully dissent from the decision rendered as to defendant James Albert "Butch" Gibson. In my opinion, the sentence imposed on Gibson is unjust because the government failed to offer sufficient proof of Gibson's criminal history contained in the presentence report.
 
 
 17
 The Supreme Court's recent decision in Parke v. Raley, 1992 U.S.LEXIS 7661 at * 13 (December 1, 1992), intimates that the use of prior criminal conduct to enhance the sentencing range for a convicted person is merely a sentencing factor, rather than a separate chargeable offense. See also U.S.S.G. § 4A1.1 (1991). Accordingly, the government need not prove prior criminal conduct contained in the criminal history report beyond a reasonable doubt. See McMillan v. Pennsylvania, 477 U.S. 79 (1986). Nonetheless, prior offenses used to enhance a defendant's sentence through the criminal history category must be proved by some quantum of evidence. The government has utterly failed to support the offenses listed in the presentence report with any reliable proof; therefore, enhancing Gibson's sentence based on unproven past offenses is patently unjust.
 
 
 18
 Therefore, I respectfully dissent from the majority opinion regarding James Albert "Butch" Gibson.
 
 
 
 *
 The Honorable James L. Graham, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 In his dissent with regard to Gibson's sentence, Judge Martin asserts that the government failed to prove Gibson's prior offenses. For two reasons, we do not address this issue. First, Gibson did not object to the use of the prior offenses to determine his sentence. See Position of Defendant with Respect to Sentencing Factors, filed Sept. 23, 1991; Order Allowing Amendment of Position of Defendant with Respect to Sentencing Factors, entered Nov. 4, 1991; and the transcript of the sentencing hearing. This Court has recently confirmed the rule that if a defendant does not object to the presentence report, the underlying issue cannot be raised on appeal. United States v. Nagi, 947 F.2d 211, 212-13 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). In such situations, this Court reviews only for plain error. United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Second, even if Gibson had objected to the use of his prior offenses in sentencing, he has not raised the issue on appeal. Because Federal Rule of Appellate Procedure 28(a) requires a statement of the issues, any issue not raised in a party's brief is deemed waived unless a manifest injustice would result. Gramegna v. Johnson, 846 F.2d 675, 677 (11th Cir.1988); United States v. Anderson, 584 F.2d 849, 853 (6th Cir.1978). Nothing in the record indicates Gibson has ever suggested that he was not lawfully convicted of the offenses listed