996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re GF CORPORATION; GF Furniture Systems, Inc., Debtors.
Ernest ARGERAS, et al., Plaintiffs-Appellants,
v.
GF CORPORATION, et al., Defendants-Appellees.
Carl A. DITULLIO, et al., Plaintiffs-Appellants,
v.
GF CORPORATION, et al., Defendants-Appellees.
 Nos. 92-3583, 92-3585.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1993.
 
 Before: KENNEDY and SILER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants in these consolidated appeals are approximately two hundred individual retirees, former employees, spouses, and surviving spouses (collectively, "objecting retirees") of GF Corporation and its subsidiary GF Furniture Systems, Inc. ("GF"), who have sought standing to object in proceedings before the Bankruptcy Court in GF's Chapter 11 bankruptcy. In the Argeras appeal, No. 92-3585, the Bankruptcy Court approved a compromise agreement on retiree benefits reached by the United Steelworkers of America ("USWA"), which is the authorized representative of the hourly wage retirees under 11 U.S.C. § 1114(c)(1), GF, the creditors committee, and the committee authorized to represent the salaried retirees. The objecting retirees do not appeal the Bankruptcy Court's ruling on the merits. Rather, the objecting retirees seek to appeal the Bankruptcy Court's refusal to grant them formal standing, even though the Bankruptcy Court allowed the objecting retirees to participate in oral argument, read their briefs, and explicitly stated that it had considered their arguments. The Ditullio case, No. 92-3583, involved a petition for payment of professional fees. The Bankruptcy Court deferred passing on the fees which was the very relief the objecting retirees sought. Once again the objecting retirees seek to appeal the Bankruptcy Court's ruling that they did not have standing to be heard and they do not object to the court's ruling on the merits. Thus, in neither matter do the objecting retirees appeal the underlying substantive rulings by the Bankruptcy Court on the compromise and the payment of professional fees. Because we find that the objecting retirees have failed to present this Court with a justiciable case or controversy, we dismiss this appeal.
 
 
 2
 On April 18, 1990, GF filed a voluntary petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Shortly before filing, GF had ceased paying retirement benefits to retired employees. A concern throughout the bankruptcy proceedings was the unpaid retirement benefits resulting from collective bargaining agreements between GF and appellee USWA and similar unpaid benefits of salaried employees. Both counsel for the objecting retirees and USWA sought to be recognized as the authorized representative of persons receiving retirement benefits under the provisions of section 1114(c)(1). The Bankruptcy Court chose USWA as the authorized representative of retirees covered by the collective bargaining agreement. Counsel for the objecting retirees also sought to be recognized as the authorized representative of all retirees not covered by the collective bargaining agreement according to 11 U.S.C. § 1114(d). The Bankruptcy Court instead appointed a committee as the authorized representative of these retired salaried employees, and the committee retained counsel other than the objecting retirees' counsel.
 
 
 3
 The Argeras appeal involves a compromise on the payment of retirement benefits, negotiated between USWA, GF, the creditors committee, and the salaried retirees committee. A number of the objecting retirees objected to the compromise. Despite having previously ruled in a matter not part of this appeal that the objecting retirees did not have standing to object, the Bankruptcy Court allowed counsel for the objecting retirees to speak at the hearing on the compromise, stating "I have read your objections, and I have either been familiar with or have reviewed the authorities cited in large measure, and have those in mind. I'll be glad to hear whatever [in addition] you wish to tell us on this issue." Further, in approving the compromise on October 11, 1990, the Bankruptcy Court wrote that "[d]ue to the emotional nature of the compromise, the [objecting retirees'] objections will be considered despite the apparent lack of standing."
 
 
 4
 The Ditullio appeal involves the application for payment of professional fees by the unsecured creditors committee. Both USWA and the objecting retirees objected to payment of these fees on the basis that it might leave GF with insufficient funds to meet other necessary expenses. On June 27, 1991, the Bankruptcy Court explicitly held that the objecting retirees did not have standing to object and also sustained USWA's objection, deferring payment of the professional fees.
 
 
 5
 The objecting retirees appealed both matters to the District Court, which followed the reasoning of the Bankruptcy Court, stating that because 11 U.S.C. § 1114 provides for designation of authorized representatives of retirees, individual retirees do not have standing to object as other creditors do under 11 U.S.C. § 1109(b).[1] After focusing on the objecting retirees' lack of standing, the District Court held that the Bankruptcy Court "committed no error with respect to any of the issues raised by appellants." The objecting retirees appealed these decisions of the District Court, arguing that they possessed standing to object before the Bankruptcy Court because Congress did not intend section 1114 to be the exclusive means of representation for retirees. In neither the Argeras matter nor the Ditullio matter, however, do the objecting retirees appeal any underlying substantive issue.[2] They do not seek to reverse either order of the Bankruptcy Court. They merely object to the manner in which that court reached its decisions--that is, without formally recognizing their right to object.
 
 
 6
 Without an appeal on the substance of the underlying matters, we have no jurisdiction to hear this case because appellant has not brought an Article III case or controversy before this Court. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citing Deakins v. Monaghan, 484 U.S. 193, 199 (1988) and Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "To satisfy the Article III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). In other words, the action of the federal court hearing the case must in some way resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)). It is rare that a valid case or controversy may be presented to the lower courts but not to a court of appellate review, but that is the situation in the present appeal. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis, 494 U.S. at 477.
 
 
 7
 The current appeal on the issue of standing in the two matters without an appeal on the underlying substantive issues of the matters fails both aspects of the case or controversy requirement as stated in Iron Arrow Honor Society. First, it leaves this Court unable to determine that the objecting retirees have suffered "actual injury" before the Bankruptcy Court. They do not ask that either order be set aside. In the Ditullio appeal, in fact, it is clear that the objecting retirees did not suffer actual injury because the Bankruptcy Court ordered the very relief they requested. In the Argeras appeal, we have no way of knowing whether any injury was suffered by the objecting retirees as a result of the relief ordered, since the Bankruptcy Court's determination is not appealed to us. We can determine, however, that the Bankruptcy Court explicitly considered the objecting retirees' position and thus no actual injury was suffered from the denial of standing. Second, this appeal fails the "can be redressed" aspect of Iron Arrow Honor Society by leaving this Court without the means to provide a remedy. To order the Bankruptcy Court to recognize the standing of a party to object in a matter already determined and not appealed to us would be advisory only. The orders of the Bankruptcy Court would remain in force. For these reasons, we find no jurisdiction to exist for review by this Court and therefore the case must be
 
 
 8
 DISMISSED.
 
 
 
 [1]
 Because we dismiss this appeal for lack of jurisdiction, we express no opinion in regard to the decisions by the Bankruptcy Court and District Court on the issue of individual retirees' standing to object as creditors under section 1109(b)
 
 
 [2]
 As a result of the Federal Rule of Appellate Procedure 28(a) requirement of a statement of the issues on appeal, any issue not raised in a party's brief is deemed waived. Gramegna v. Johnson, 846 F.2d 675, 677 (11th Cir.1988); United States v. Anderson, 584 F.2d 849, 853 (6th Cir.1978). The only exception to this rule is if a manifest injustice would result from recognizing such waiver. Gramegna, 846 F.2d at 677. Because appellants were actually heard and their authorities and arguments considered by the Bankruptcy Court in the Argeras matter and because the relief ordered by the Bankruptcy Court in the Ditullio matter is what they initially sought, we see no manifest injustice in holding issues not raised in the objecting retirees' brief waived