NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY PENTON, | No. 22-15665 |
| Plaintiff-Appellee, | D.C. No. 2:11-cv-00518-TLN-KJN |
| v. | |
| LAYTON JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| S. HUBARD; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 13, 2023
San Francisco, California

Before: WALLACE, BOGGS,[**] and FORREST, Circuit Judges.

Defendant Layton Johnson appeals the district court's order denying him

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

summary judgment on qualified-immunity grounds, and argues that plaintiff Anthony Penton's rights to access the courts and to receive mail were not clearly established. Because the denial of summary judgment based on qualified immunity is immediately appealable, we have jurisdiction. *See Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018).

We review denials of qualified immunity de novo. *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022). In an interlocutory appeal from denial of qualified immunity, we view facts in the light most favorable to the plaintiff. *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). In this light, we consider whether (1) Johnson violated Penton's constitutional rights, and (2) whether those rights were clearly established at the time of the violation. *Peck v. Montoya*, 51 F. 4th 877, 887 (9th Cir. 2022).

We affirm the district court. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Courts may address the two parts of the qualified immunity analysis in whichever order they prefer. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Because Johnson does not argue that he did not violate Penton's rights, only that those rights were not clearly established, we focus on the second part of the test.

A right is clearly established if "every reasonable official would have understood that what he is doing violates that right." *Andrews v. City of Henderson*,

35 F.4th 710, 718 (9th Cir. 2022) (citation omitted). While the Supreme Court "has repeatedly told courts . . . not to define clearly established law at a high level of generality," *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018), there "can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances," *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam)). "[T]here need not be a Supreme Court or circuit case 'directly on point,' but 'existing precedent must place the lawfulness of the conduct beyond debate.'" *Ballou*, 29 F.4th at 421 (quoting *Tobias v. Arteaga*, 996 F.3d 571, 580 (9th Cir. 2021)). "[W]e 'may look to decisions from the other circuits' to determine whether they reflect a 'consensus of courts' that can be said to clearly establish the relevant law." *Shooter v. Arizona*, 4 F.4th 955, 963 (9th Cir. 2021) (quoting *Martinez v. City of Clovis*, 943 F.3d 1260, 1276 (9th Cir. 2019)).

1.     The district court did not err in denying qualified immunity on the access-to-courts claim. "Adequate, effective and meaningful" access to the courts is "the touchstone" of a prisoner's rights and was clearly established when the defendant's prison began withholding Penton's mail. *Bounds v. Smith*, 430 U.S. 817, 822-23 (1977); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Prison officials are constitutionally required to "make it possible for inmates to prepare, file, and serve pleadings and other documents essential for pleading their causes." *Phillips v. Hust*,

3

477 F.3d 1070, 1077 (9th Cir. 2007).

Out-of-circuit precedent that predates Johnson's alleged conduct has held that prison officials who seriously delay or otherwise fail to forward legal mail to prisoners, including prisoners who have been transferred to other facilities, violate clearly established law. *Simkins v. Bruce*, 406 F.3d 1239, 1242–43 (10th Cir. 2005). In fact, in other circuits, allowing mail to accumulate before forwarding it to prisoners has been held as "patent deprivation of the prisoners' right of access to the courts." *Gramegna v. Johnson*, 846 F.2d 675, 677–78 (11th Cir. 1988). Viewed in the light most favorable to Penton, Johnson was on notice that holding Penton's mail for over seven months violated Penton's constitutional right to access the courts.

2.      The district court did not err in denying qualified immunity on the right-to-mail claim.[1] While very few cases address what prison officials are required to do with personal mail when a prisoner is transferred to another facility, delay in forwarding mail "for an inordinate amount of time" has been held to violate the Constitution. *Antonelli v. Sheahan*, 81 F.3d 1422, 1423 (7th Cir. 1996); *see also Bryan v. Wener*, 516 F.2d 233, 238 (3d Cir. 1975) (noting that "officials . . . have a

---

[1]The second claim in Penton's operative Complaint is a First and Fourteenth Amendment right-to-mail claim. Penton alleges that Johnson had "no legitimate penological reasons" to "withhold[ ] Mr. Penton's legal mail or for his failure to notify Mr. Penton of the withholding." Accordingly, while Penton challenges Johnson's failure to provide notice that he was withholding Penton's mail, this is part of the right-to-mail claim and not a separate claim for relief.

responsibility to promptly forward mail").

Viewing the facts in the light most favorable to Penton, Johnson's withholding of mail violated clearly established law. Supreme Court and multiple circuit precedents make clear that Penton had a right to receive mail and that undue delay violated that right. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)); *Antonelli*, 81 F.3d at 1432. Every reasonable official would have known that withholding prisoner mail for over seven months violated the Constitution, regardless of whether the prisoner was temporarily transferred elsewhere. Penton's case is, therefore, the obvious case where the general rule that prisons may not withhold a prisoner's mail for a prolonged period gave "fair and clear warning" to Johnson that his conduct was unlawful. *Kisela*, 138 S. Ct. at 1153 (quoting *White v. Pauly*, 580 U.S. 74, 79 (2017) (per curiam)).

Johnson correctly notes that cases establishing the general rule are factually dissimilar, but this does not change the outcome. The question is not whether a case is "directly on point" but whether Johnson was clearly on notice that he was violating Penton's right. *Ballou*, 29 F.4th at 421. Johnson's conduct violated Penton's constitutional right to mail and a body of clearly established case law. This violation was so obvious as to preclude qualified immunity. *See Wesby*, 583 U.S. at 63.

3.      The district court did not err in denying qualified immunity on Penton's

due process right-to-notice allegation. Due process requires that a prison notify a prisoner of its decision to withhold incoming mail, and we have repeatedly stated that withholding delivery of inmate mail must be accompanied by "minimal procedural safeguards against arbitrary or erroneous censorship of protected speech." *Procunier v. Martinez*, 416 U.S. 396, 417–19, n.10 (1974) (overruled on other grounds by *Thornburgh*, 490 U.S. at 413–14). Minimum procedural safeguards include notifying inmates that their mail was withheld, allowing them a reasonable opportunity to protest that decision, and referring prisoner complaints to a prison official other than the one who seized the mail. *Procunier*, 416 U.S. at 418–19.

While Penton's location during transit may not have been disclosed, the continued delay of his mail once he was in custody in Bowling Green, Kentucky was unjustified. It is undisputed that Penton was not provided notice that his mail was being withheld and there is no evidence that Johnson's out-to-court mail-holding practice included providing notice to the prisoner that his mail was being withheld. California regulations state that, for an out-to-court inmate, mail may be held when return is anticipated within one week. *See* Cal. Code Regs. tit. 15, § 3133(f), (h). Johnson should have sought Penton's address and forwarded his mail once Penton did not return to the prison within the time stated in the regulation. This failure to provide notice runs contrary to prison regulations and minimum procedural safeguards and is a clear violation of Penton's Fourteenth Amendment "liberty

6

interest in receiving notice that his incoming mail is being withheld." *Frost*, 197

F.3d at 353–54.

We therefore **AFFIRM** the judgment of the district court.