1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald ANDERSON, Defendant-Appellant.
 No. 92-3849.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 Before: KEITH, RYAN and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Ronald Anderson, appeals the sentence imposed pursuant to his guilty plea to conspiracy to distribute and possess with the intent to distribute in excess of five (5) grams of cocaine base (crack). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On May 31, 1991, agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) executed a search warrant at 607 Fairwood in Columbus, Ohio. The ATF agents seized seven loaded firearms, over five (5) grams of crack, and a photo album containing pictures of Anderson holding firearms.
 
 
 3
 On August 22, 1991, a grand jury indicted seven defendants for conspiracy to distribute and possess with the intent to distribute in excess of five (5) grams of crack. On October 24, 1991, in a superseding indictment, the grand jury indicted Anderson as a co-conspirator with the other seven defendants who had previously been indicted. Count One of the superseding indictment specifically alleged that, in furtherance of the conspiracy, firearms would be kept to protect the crack and the proceeds from crack sales.
 
 
 4
 On January 13, 1992, Anderson pled guilty to Count One of the superseding indictment. On July 16, 1992 the district court held a sentencing hearing, at which the defendant objected to a two-level increase in the base offense level for the use of a dangerous weapon. The district court denied the defendant's objection and sentenced the defendant to 86 months, 5 years of supervised release and a $50 special assessment. On July 27, 1992, Anderson filed this timely appeal.
 
 II.
 
 5
 On appeal, Anderson contends that the court erred in giving him a two-point enhancement under U.S.S.G. Sec. 2D1.1(b)(1), for possession of a firearm during a drug offense. Anderson alleges that possession of the firearms by his co-conspirators was not reasonably foreseeable, and that there was no evidentiary link between him and the weapons seized. In reviewing a district court's sentence, this Court gives due deference to the district court's application of the guidelines to the facts, and will not disturb the findings unless they are "clearly erroneous." 18 U.S.C. Sec. 3742.
 
 
 6
 Section 2D1.1 of the Guidelines states that a defendant's base offense level is to be increased by two levels "if a dangerous weapon (including a firearm) was possessed" during the commission of the offense. Application Note 3 provides:
 
 
 7
 [T]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense ...
 
 
 8
 This Court has held that actual physical possession of a firearm is not necessary for a district court judge to assess the two-level enhancement. United States v. Snyder, 913 F.2d 300 (6th Cir.1990) cert. denied 498 U.S. 1039 (1991); United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989). Instead, the enhancement "should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989) (footnote omitted).
 
 
 9
 In the instant case, Anderson pled guilty to a conspiracy charge where the use of firearms was alleged as part of the conspiracy. The firearms that were the basis for the upward departure were recovered from 607 Fairwood Avenue, along with over five (5) grams of crack. Also, photographs taken from that same address show Anderson holding firearms and Anderson in the presence of other members of the conspiracy holding firearms. Moreover, it was established that drugs were sold out of this residence.
 
 
 10
 We find that the district court did not commit clear error in enhancing Anderson's sentence. There was sufficient evidence to establish that the weapons were present during the commission of the drug offense and that the weapons were connected with the drug offense. Accordingly, we AFFIRM the sentence imposed by the Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio.