67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald C. ANDERSON, Defendants-Appellant.
 No. 94-3800.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1995.
 
 1
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to allow him to withdraw his guilty plea filed pursuant to Fed.R.Crim.P. 32(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On July 16, 1992, Ronald C. Anderson pleaded guilty to one count of conspiracy to possess with intent to distribute more than five grams of cocaine base. The district court sentenced Anderson to 86 months of imprisonment, a five year term of supervised release, and a $50 special assessment.
 
 
 4
 Anderson appealed, and this court affirmed the conviction and sentence. United States v. Anderson, No. 92-3849, 1993 WL 300347 (6th Cir. August 3, 1993). On May 9, 1994, Anderson moved to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). The district court denied the motion to withdraw the guilty plea because Rule 32(d) does not provide a basis to challenge a guilty plea after imposition of sentence.
 
 
 5
 Upon review, we affirm the district court's judgment. Fed.R.Crim.P. 32(d) does not provide Anderson with a basis to challenge his guilty plea after imposition of sentence. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Rule 32(d) provides that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255." Anderson moved to withdraw his guilty plea almost two years after sentence was imposed and nearly nine months after this court affirmed his conviction and sentence.
 
 
 6
 Accordingly, Anderson's request for the appointment of counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum and order dated June 21, 1994.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation