931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles W. CREGER, Defendant-Appellant.
 No. 90-3866.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before KENNEDY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 The defendant, Charles W. Creger, appeals the sentence imposed following his guilty pleas to charges of conspiracy to commit bank fraud, bank fraud and filing a false income tax return. The defendant contends that the District Court erred in refusing to reduce his offense level for acceptance of responsibility and by accepting an amount of monetary damages in excess of that included in the indictment. For the following reasons, we AFFIRM the sentence.
 
 
 2
 The defendant was indicted on 15 counts of conspiracy to commit bank fraud, bank fraud and willfully filing false tax returns. The indictment alleged that as a result of the conspiracy several financial institutions were defrauded of approximately two million dollars. On May 7, 1990, the defendant pled guilty to three of the counts, conspiracy to commit bank fraud (count one), bank fraud (count 2), and filing a false income tax return (count 15).
 
 
 3
 The defendant sent a letter to the probation officer who had the responsibility of preparing the presentence report. The lengthy letter contained the defendant's version of what had transpired prior to his indictment. The presentence report concluded that the defendant had defrauded 23 financial institutions and numerous clients, for a total of over five million dollars. The presentence report also concluded that the defendant was not entitled to a downward departure for acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines.
 
 
 4
 The defendant objected to the presentence report, and read into the record the content of the letter he had previously sent to the probation officer. During this recitation, the following exchange took place:
 
 
 5
 THE DEFENDANT: [reading from his letter] I accept full responsibility for what happened from my office through my negligence, inability to attend to matters, errors of judgment, overt acts, and/or failure to supervise persons who had access to my office. I'm truly sorry for any injuries that anyone may have suffered morally, physically, or financially, from my acts or omissions. By the grace of God--
 
 
 6
 THE COURT: It's your position that you didn't do any of this deliberately? None of the things you have been charged with was done deliberately by you, is that what you're saying?
 
 
 7
 THE DEFENDANT: I'm merely reciting what happened and what was transpiring in my life at this time.
 
 
 8
 THE COURT: I notice you haven't answered my question.
 
 
 9
 THE DEFENDANT: I accept full responsibility for what happened, Your Honor.
 
 
 10
 THE COURT: Accepting full responsibility and admitting that you did it deliberately are two different things. I'm asking you, did you--are you denying that you did all this business here that you have been charged with deliberately?
 
 
 11
 THE DEFENDANT: I give you my truthful story and I can't say anything other than the fact that this is what happened.
 
 
 12
 Joint App. at 115-16.
 
 
 13
 The District Court concluded that the defendant was not entitled to a reduction for acceptance of responsibility, and accepted the presentence report. The defendant was sentenced to 60 months in prison.
 
 
 14
 The defendant claims that the District Court erred in refusing to reduce his offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. "A guilty plea does not entitle a defendant to a sentence reduction as a matter of right." United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991). This Court can only reverse the District Court's determination on acceptance of responsibility if it is clearly erroneous. " '[T]he determination of the sentencing judge [as to whether the defendant has accepted responsibility] is entitled to great deference on review and should not be disturbed unless it is without foundation." ' United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (quoting U.S.S.G. Sec. 3E1.1, Application Note 1).
 
 
 15
 Having reviewed the record, we conclude that the District Court's determination that the defendant had not accepted responsibility under section 3E1.1 is not without foundation. An examination of the District Court's discussion with the defendant at sentencing reveals that the defendant was given ample opportunity to express acceptance of responsibility to the court. The District Court's conclusion that the defendant failed to accept responsibility for his actions was not clearly erroneous. The District Court's denial of the reduction under section 3E1.1 is therefore AFFIRMED.
 
 
 16
 The defendant next contends that the District Court erred in using the dollar loss amount calculated in the presentence report in figuring his base offense level under U.S.S.G. Sec. 2F1.1. The defendant appears to make several arguments against the use of the $5.7 million amount. First, the defendant objects to the use of the presentence calculation of any amount beyond the two million dollars which was included in the indictment. However, in calculating the offense level for a conviction of fraud under the Guidelines, the District Court may consider all acts "that occurred during the commission of the offense of conviction." U.S.S.G. Secs. 1B1.3 and 3D1.2(d). Therefore, the District Court properly looked beyond the amounts included in the indictment to determine the amount involved in the fraud.
 
 
 17
 Next, the defendant objects to the use of the amount of money defrauded from clients, rather than limiting the amount to that defrauded from financial institutions. The use of those amounts defrauded from clients, however, is proper under the Guidelines because defrauding his clients was a means by which the defendant defrauded financial institutions. Therefore, the amount of money involved in defrauding his clients was properly considered relevant conduct because it was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. Sec. 1B1.3(a)(2).
 
 
 18
 Finally, the defendant claims that there was not enough evidence to indicate that those loans which were not included in the indictment were actually obtained fraudulently. There was, however, evidence of the fraud involved in those loans, and the defendant provided no evidence to refute that information. Under the Guidelines, the District Court need not specifically calculate the amount involved in the fraud, but "need only make a reasonable estimate of the range of loss, given the available information." U.S.S.G. Sec. 2F1.1, application note 8. The presentence report does more than make a reasonable estimate. It presents specific amounts borrowed from specific institutions, as well as the false documentation used to obtain those loans. The defendant failed to object to the factual basis of any particular item used in the presentence report, and did not produce any evidence to dispute that provided by the prosecution. The report provided sufficient evidence for the District Court to make a reasonable estimate of the amount involved.
 
 
 19
 The District Court did not err in its calculation of the defendant's offense level under the Sentencing Guidelines. The defendant's sentence is therefore AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation