980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lawrence GRUBB, Defendant-Appellant.
 No. 91-1762.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant David Lawrence Grubb here appeals a conviction and sentence for the manufacture of marijuana. For the following reasons, we shall affirm both the conviction and the sentence.
 
 
 2
 * On June 22, 1990, Detective Derek Sutherin, who was assigned to a Michigan narcotics team, met defendant Grubb and a police informant, Christopher Ashmore, in Williamsburg, Michigan, to purchase marijuana. Mr. Grubb indicated that he grew marijuana; described the marijuana he was selling as a mixture of male and female plants; indicated that fertilizer stored near his house would be used on his plants; and stated that the weather had been favorable for his current crop.
 
 
 3
 A few days later informant Ashmore led Detective Sutherin to a field of marijuana located at Highway M-72 and Baggs Road. Soon thereafter Detective Sutherin and Detective Trooper Robert Voice of the Michigan State Police observed and videotaped defendant Grubb and the informant in the field.[1] Detective Sutherin saw Mr. Grubb tending and fertilizing the marijuana plants.
 
 
 4
 Officers of the narcotics team eradicated the marijuana from the field on July 17, 1990. The final count was 1,005 marijuana plants. A few days later, officers of the narcotics team conducted another count of the plants in two randomly selected bags of plants taken from the field. They verified that the number of marijuana plants counted in the field and recorded on each bag was accurate.
 
 
 5
 A search warrant for Mr. Grubb's residence was executed on October 9, 1990. Items seized as a result of the search included marijuana stalks, marijuana that had been trimmed from stalks, a jar containing marijuana cigarettes in a liquid substance (apparently placed there to extract a resin) and a frying pan used to make hashish. Found under Mr. Grubb's bed were a 12-gauge sawed-off shotgun with a pistol grip and 28 rounds of ammunition. Various magazines and books describing the manufacture and use of marijuana were also recovered.
 
 
 6
 At the time of the defendant's trial, the State of Michigan had lodged charges against Mr. Grubb that involved his sale of marijuana to Detective Sutherin and possession with intent to deliver marijuana at his home on October 9, 1992. The federal indictment charged Mr. Grubb only with manufacture of marijuana in violation of 21 U.S.C. § 841.
 
 
 7
 After a three-day trial, Mr. Grubb was found guilty and was sentenced to imprisonment for 216 months. This appeal followed.
 
 II
 
 8
 Mr. Grubb makes four arguments on appeal. First, he argues that the district court should not have excluded evidence concerning the state court proceedings against him. Second, he argues that the district court improperly denied his motion for judgment of acquittal. Third, he argues that the district court erred in enhancing his sentence offense level for possession of a firearm during the commission of a drug related offense. Finally, he argues that the district court erred in finding that he had manufactured over 1,000 marijuana plants. We address these arguments in turn.
 
 1.
 
 9
 In the federal proceeding Mr. Grubb was charged only with manufacturing marijuana. The fact that the state of Michigan, a separate sovereign, had charged him with possession of marijuana was simply not relevant to this case; it did not make the existence of any fact that was to be decided by the federal jury "more probable or less probable than it would be without the evidence." See Rule 401, Fed.R.Evid.
 
 2.
 
 10
 Mr. Grubb moved for a judgment of acquittal after the close of the government's case in chief. This motion was denied and it was never renewed thereafter. Absent a manifest miscarriage of justice, the failure to renew such a motion at the close of all the evidence precludes appellate review of the trial court's ruling. See United States v. Rodriguez, 882 F.2d 1059, 1063 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990).
 
 
 11
 During Mr. Grubb's sale of marijuana to Detective Sutherin, Mr. Grubb indicated that he had grown marijuana in the past, was growing a new crop, and was planning to use fertilizer on it. Police officers later saw him fertilizing marijuana plants in the field near Baggs Road. A search of Mr. Grubb's home revealed marijuana stalks and marijuana in various stages of processing. Ample evidence thus supports the jury's finding of guilt; we cannot say that a manifest miscarriage of justice has occurred.
 
 3.
 
 12
 The district court enhanced Mr. Grubb's sentencing offense level by two levels because Mr. Grubb possessed a firearm during the commission of the offense. Application Note 3 of U.S.S.G. § 2D1.1 states that the adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." (Emphasis added.)
 
 
 13
 It is not improbable that the sawed-off shotgun and ammunition found under Mr. Grubb's bed were connected with the marijuana manufacturing. Manufacturing activities were conducted in the trailer as well as at the Baggs Road field. The district court was not required to accept Mr. Grubb's claim that the sawed-off shotgun was merely a family heirloom.
 
 
 14
 The government need only show constructive possession of a firearm to warrant a § 2D1.1(b) adjustment. Constructive possession is the ownership, dominion, or control over the item itself, or dominion over the premises where the item is located. See United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990) (citing United States v. Matra, 841 F.2d 837, 840 (8th Cir.1988)). The Snyder court quoted approvingly the following passage from United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 900 (1989):
 
 
 15
 "[T]he evidence presented showed that defendant kept weapons in his apartment readily accessible, to facilitate his drug transactions. As the above review indicates, the statute does not require actual physical possession of a weapon or that the defendant actually brandished the weapon in the commission of a drug offense. We hold that 'uses' and 'carries' should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." Snyder, 913 F.2d at 304 (footnote omitted).
 
 4.
 
 16
 This court will not disturb factual findings that underlie a sentencing decision unless the findings are clearly erroneous. See United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990). In the instant case the district court expressly found that the police discovered more than 1,000 marijuana plants at the Baggs Road field. Police officers counted the plants as they were eradicated. In addition, the police performed a "quality check" in which they verified the number of plants in two randomly selected bags. The district court's finding was not clearly erroneous.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 Informant Ashmore testified that Mr. Grubb had asked him to "come down on Sunday so we could go out and fertilize." Mr. Ashmore stated that Mr. Grubb had asked his help because "he'd cut his arm, his right arm." Mr. Grubb was wearing an arm sling at the time of the videotaping