12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe RAMOS, Sr., Defendant-Appellant.
 No. 93-5470.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Felipe Ramos, Sr., appeals the sentence imposed following his plea of guilty to conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and 18 U.S.C. Sec. 2. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the time of his arrest near Nashville, Tennessee, Ramos was a passenger in a truck containing three kilograms of cocaine and $117,470. Ramos acknowledged that he had traveled to Nashville from his home in San Antonio, Texas, to pick up the truck and the cash proceeds of drug trafficking and to deliver them to California.
 
 
 3
 On appeal, Ramos argues that the district court erred by basing his sentence on a quantity of ten kilograms of cocaine, rather than three, and by denying him a two-level reduction for acceptance of responsibility.
 
 
 4
 Upon review, we conclude first that the district court's determination that the offense involved ten kilograms is not clearly erroneous. See United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.), cert. denied, 498 U.S. 906, 989 and 990 (1990). In determining the quantity of drugs involved, the district court may estimate the amount for which a defendant is more likely than not responsible, if the amount is supported by a preponderance of the evidence. Id. An estimate also may be based on evidence of money involved. See United States v. Warner, 971 F.2d 1189, 1198-1200 (6th Cir.1992).
 
 
 5
 It is undisputed that at least three kilograms of cocaine and $117,000 were in the truck when Ramos was apprehended. Ramos's assertion that he did not know the amount of drugs involved is irrelevant. See United States v. Sims, 975 F.2d 1225, 1244 (6th Cir.1992), cert. denied, 113 S.Ct. 1315, 1617 and 1620 (1993). A sentence is properly based on an amount of drugs that is reasonably foreseeable, without regard to the defendant's awareness of the precise amount. Id. at 1243-44. However, the amount that is reasonably foreseeable must be based on the scope of the criminal activity the defendant agreed to jointly undertake. United States v. Jenkins, 4 F.3d 1338, 1347 (6th Cir.1993). Noting that Ramos admitted that he was in Nashville to pick up drug proceeds and that he possessed three kilograms of cocaine and a substantial amount of cash at the time of his arrest, the district court determined that Ramos could have reasonably foreseen that the quantity attributable to his limited role as a courier would involve ten kilograms of cocaine. The district court's finding of foreseeability is not clearly erroneous.
 
 
 6
 Second, we find that the district court was not clearly erroneous in finding that Ramos had not demonstrated an acceptance of responsibility for his conduct. See United States v. Williams, 940 F.2d 176 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991). The district court judge may reduce the offense level if a defendant clearly demonstrates an acceptance of responsibility for the offense. See U.S.S.G. Sec. 3E1.1. Whether a defendant has accepted responsibility is an issue of fact entitled to great deference, Williams, 940 F.2d at 181, as is the district court's assessment of the defendant's contrition. United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991). Review of the record shows that Ramos reluctantly and haltingly acknowledged his role in the conspiracy. The district court's findings that Ramos was evasive about his role in the offense and made statements that were inconsistent with statements made by his coconspirators support the district court's decision to deny the reduction for acceptance of responsibility.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.