38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela ARMOUR and Anthony Lamar Jones, Defendants-Appellants.
 Nos. 93-6322, 93-6323.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and HOOD, District Judge.[1]
 PER CURIAM.
 
 
 1
 The appellants, Pamela Armour and Anthony Lamar Jones, pled guilty to possession of cocaine base (crack) with intent to distribute. They now appeal their sentences. For the following reasons, we AFFIRM the district court and the appellants' sentences.
 
 I.
 
 2
 On February 27, 1992, Pamela Armour [Armour] delivered one ounce of crack cocaine to a confidential informant. The transaction had been negotiated by her boyfriend, Anthony Lamar Jones [Jones]. The delivery was videotaped and the conversations arranging the same were audiotaped by state narcotics officers. No firearms were displayed during the transaction or even mentioned in the participants' related conversations.
 
 
 3
 On May 8, 1992, state narcotics officers executed a search warrant at Armour's residence where Jones allegedly lived as well. The officers seized 2.6 grams of cocaine, two handguns, a Raven .25 and a RG .22, drug paraphernalia, a pager, triple beam balance scales and $1,100 cash.
 
 
 4
 A federal grand jury indicted both appellants, charging them with possession of cocaine base (crack) with intent to distribute on February 27, 1992 (count 1); with possession of cocaine hydrochloride on May 8, 1992 (count 2); and, with using and carrying firearms during and in relation to a drug trafficking offense (count 3). Jones was also charged with being a felon in possession of a firearm. Pursuant to an agreement, both appellants pled guilty to count 1 of the indictment, possession of cocaine base (crack) with intent to distribute on February 27, 1992. The remaining counts were dropped.
 
 
 5
 The presentence report recommended a two point enhancement for possession of firearms pursuant to U.S.S.G. Sec. 2D1.1(b)(1). Both appellants objected, Armour particularly, claiming the guns were kept for protection and stored in a bedroom closet. Armour also moved for a downward departure pursuant to United States v. Rivera, 994 F.2d 942 (1st Cir.1993).
 
 
 6
 At offense level 27 and criminal history category V, the guideline range for Jones was 120 to 150 months. The district court sentenced Jones to 132 months. If the district court had not applied the two point increase, the range would have been 100 to 125 months. At offense level 27 and criminal history category I, the guideline range for Armour was 70 to 87 months. Armour was sentenced to 70 months. If the district court had not applied the two point enhancement, the range would have been 57 to 71 months.
 
 
 7
 Section 2D1.1(b)(1) of the United States Sentencing Guidelines (1992) provides for a two level enhancement "[i]f a dangerous weapon (including a firearm) is possessed...." Application Note 3 explains that the enhancement reflects the increased danger of violence when drug traffickers possess weapons and provides that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1(b)(1), comment (n. 3).
 
 
 8
 Title 18, United States Code, Sec. 3742 provides that a sentence must be upheld unless the appellant demonstrates that it was imposed (1) in violation of the law, (2) as a result of an incorrect application of the guidelines, or (3) outside the range applicable and unreasonable. A sentencing court's factual findings must be upheld unless they are clearly erroneous. United States v. Peters, 15 F.3d 540, 546 (6th Cir.1994).
 
 
 9
 Jones cites United States v. Garner, 940 F.2d 172 (6th Cir.1991), for the proposition that a sentence, based on a two point enhancement, should be reversed where it is "clearly improbable" that the weapon was connected to the offense. Similarly, Armour cites United States v. Khang, 904 F.2d 1219, 1223 (8th Cir.1990), which held that the government must establish a relationship between the defendant's possession of the firearm and the offense committed before the enhancement is proper.
 
 
 10
 The appellants argue that the enhancement was improper because neither of them possessed a firearm on February 27, 1992, and no other evidence was produced that connected the guns to the offense to which they pled guilty. The handguns were seized on May 8, 1992 at Armour's residence. The cocaine seized at the residence the same day formed the basis of count 2 of the indictment which the district court dismissed pursuant to the plea agreements. Appellants further argue that other factors weigh against enhancement: the guns were found in the bedroom closet and the drugs were in the living room; the guns were found several months after the offense in count 1 occurred; and Jones was not present at the time of the search.
 
 
 11
 Initially, the government argues that Armour has no basis for appeal because her sentence was at the top of the guideline range applicable even if she had not received the two point enhancement. As Armour's sentence falls within the overlap of the two guidelines, citing 18 U.S.C. Sec. 3742, the government contends that this Court lacks jurisdiction over her appeal.
 
 
 12
 With regard to the enhancement itself, the government claims that the guns were evidence of drug trafficking which is relevant conduct to the count of conviction. U.S.S.G. Sec. 1B1.3. The government asserts that the pager, $1,100 cash, triple beam scales, drug paraphernalia (e.g. a mirror with cocaine residue and a razor) and drugs found in the apartment, along with the guns, were "tools of the trade" for drug traffickers. Therefore, the May 8th incident is part of the "same course of conduct ... as the offense of conviction." U.S.S.G. Sec. 1B1.3.
 
 
 13
 The government also argues that the appellants exercised constructive possession over the guns even though the guns were in a different room. United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied 498 U.S. 698 (1991). Further, it is asserted that possession of a gun by one conspirator is attributable to all other members of the conspiracy if such possession constitutes reasonably foreseeable conduct. United States v. Chalkais, 971 F.2d 1206 (6th Cir.1992).
 
 
 14
 Armour asserts that the matter should be remanded for downward departure because the district court failed to consider her lack of profit from the drug transaction, as she was acting on behalf of her boyfriend, and her lack of serious criminal history. See Rivera, 994 F.2d at 953 (holding that district court may consider "unusual cases" and "family circumstances" in departing downward).
 
 
 15
 The government distinguishes Armour's circumstances from those in Rivera: Armour has held few jobs for any substantial period, used marijuana, and possibly crack cocaine, and admitted possessing cocaine with the intent to sell. Further, in United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989), the Court held that a sentence which was within the guidelines was not appealable on grounds that the judge failed to depart on account of certain factors not considered by the guidelines.
 
 
 16
 At the outset, we hold that the district court's implicit denial of Armour's motion for a downward departure is not subject to appellate review. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993). Further, we are not persuaded by the government's argument that this Court lacks jurisdiction over Armour's appeal due to the overlapping guideline ranges as she has identified a specific legal error in the formulation of her sentence. United States v. Lavoie, 19 F.3d 1102, 1103-04 (6th Cir.1994). Finally, for the following reasons, we hold that the district court's decision granting the two point enhancement was not clearly erroneous pursuant to Application Note 3.
 
 
 17
 In United States v. Brown, 946 F.2d 1191 (6th Cir.1991), this Court reversed an enhancement under Sec. 2D1.1 on facts quite similar to those presented in the instant matter, holding that those facts did not support, by a preponderance of the evidence, the conclusion that the defendant possessed a firearm in relation to the offense of conviction. See also United States v. Garner, 940 F.2d at 174-76. However, subsequent to the events underlying both Brown and Garner, Sec. 2D1.1 was amended, effective November 1, 1991, to require only that the firearm be "possessed," not that it be "possessed during the commission of the offense." U.S.S.G. App. C, p. 224 (1992); see also United States v. Montgomery, 14 F.3d 1189, 1198 n. 9 (7th Cir.1994). Thus, under the amended version of Sec. 2D1.1(b)(1), the government need no longer prove that the defendant possessed a firearm during the offense of conviction. United States v. Baldwin, 5 F.3d 241, 243 n. 3 (7th Cir.1993). The 1991 amendment to Sec. 2D1.1(b)(1) clarifies that the provisions of Sec. 1B1.3(a)(2) apply to the adjustments in Sec. 2D1.1(b)(1). U.S.S.G.App. C, p. 224 (1992).
 
 
 18
 The two guns, including the one in the closet, were found in the bedroom along with the pager. The $1,100 cash was discovered in a shoe box which Armour removed from the bedroom. Although the drugs, drug paraphernalia, and triple beam scales were discovered elsewhere in the house, the district court found the guns were possessed by Armour and Jones to protect their cash and drugs. Joint Appendix pp. 98-99. This finding, as to the related conduct of possessing firearms, is not clearly erroneous. Peters, 15 F.3d at 546.
 
 
 19
 Accordingly, the sentences of Armour and Jones are AFFIRMED.
 
 
 
 [1]
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation