47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony NEWELL, Defendant-Appellant.
 No. 94-5553.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1995.
 
 Before: ENGEL, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Tony Newell, appeals the district court's decision to enhance his sentence by two levels for possession of firearms in connection with a drug-related offense, under USSG Sec. 2D1.1(b)(1). We find no error and affirm.
 
 
 2
 A brief recitation of the facts supporting the sentencing order is necessary to put the district court's decision in context. The case against Newell began when a detective from the local sheriff's department executed a search warrant for drugs at an apartment in Memphis. The SWAT team participated in the search, because the sheriff's department had received information that Newell was in possession of several weapons, including a sawed-off shotgun. The search turned up a .38 caliber Smith & Wesson and a 12-gauge sawed-off shotgun hidden between the mattress and box springs of a bed in the southeast bedroom. Also in that bedroom, under the foot of the bed, was a tote bag with individual baggies containing a total of 99.63 grams of crack. In another bedroom in the northeast corner of the apartment was a box of 12-gauge shotgun shells. Newell informed the officers that he had purchased the sawed-off shotgun because he had been robbed during a drug deal.
 
 
 3
 Newell pleaded guilty to a one count indictment for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 165 months in prison, following the district court's imposition of a two-level increase under USSG Sec. 2D1.1(b)(1). Newell, age 20 at the time of his sentencing hearing, objected to the increase, contending that his history showed him to be a "street drug dealer" and that there was no evidence that he sold drugs from his home.
 
 
 4
 USSG 2D1.1(b)(1) provides that "if a dangerous weapon (including a firearm) was possessed, increase by two levels". In applying 2D1.1(b)(1), the sentencing court need not find a direct connection between the firearm and the offense, as would be the case with a statutory violation under 18 U.S.C. Sec. 924(c)(1). United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991). If the court finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate. Id. The "key is always whether the placement of the gun or guns suggests they would be quickly available for use in an emergency." Id.
 
 
 5
 Moreover, possession of a firearm during the commission of a drug offense creates a presumption that the possession is connected with the drug offense. United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990). This presumption is overcome only by a showing that it is clearly improbable that the firearm was connected to the drug offense. Id.
 
 
 6
 Newell argues that it is improbable that the firearms were associated with his drug activities because (1) in all seven of his prior arrests for possession with intent to sell drugs, he had no history of use of firearms, (2) he was exclusively a "street drug dealer", (3) the government presented no proof that he ever sold from his house, and (4) given that the firearms were unloaded and the ammunition was in another room, they were not readily accessible.
 
 
 7
 This court has held that Sec. 2D1.1(b)(1) is not rendered inapplicable simply because a firearm is not loaded, United States v. Chalkias, 971 F.2d 1206, 1216-17 (6th Cir.) cert. denied, 113 S.Ct. 351 (1992), or because it is not readily accessible at the time of recovery, United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989). In this case, the fact that Newell himself stated that he purchased the sawed-off shotgun after he was robbed during a drug deal refutes any argument that the district court's determination was "clearly erroneous". We therefore AFFIRM the district court's sentencing order in this case.