47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walthen E. VIERS, I.I.I., Petitioner-Appellant,
v.
Joseph B. BOGAN, Respondent-Appellee.
 No. 93-2578.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1995.
 
 Before: CELEBREZZE, KEITH, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-Appellant, Walthen E. Viers, III ("Viers"), an inmate at the Federal Correctional Institution in Milan, Michigan, appeals the denial of his pro se writ of habeas corpus filed under 28 U.S.C. Sec. 2241. For the reasons stated below, we AFFIRM.
 
 I. Statement of the Case
 
 2
 In 1986, Viers was convicted by the United States District Court for the Western District of Kentucky of possession with intent to distribute marijuana under 21 U.S.C. Sec. 841(a)(1). On October 14, 1986, the district court sentenced Viers to a four year term of imprisonment and a six year term of special parole.
 
 
 3
 On September 18, 1987, Viers was released on parole. On June 13, 1988, Viers's parole was revoked after he tested positive for the use of cocaine and quinine. Viers was given a new parole date of December 19, 1988, but that date was extended to February 19, 1988 when he was found guilty of using drugs at a halfway house. In 1988, Viers's parole was revoked again when he committed a disciplinary rule infraction by having his wife bring 48 bottles of gin into the prison camp. Viers denied involvement in the infraction but a receipt for the alcohol and money were found in his shoe. Viers remained in prison until the expiration of his four-year sentence and was mandatorily released on July 23, 1989, at which time Viers began serving his special parole term.
 
 
 4
 On April 22, 1992, agents of the Bureau of Alcohol, Tobacco and Firearms ("A.T.F.") searched the residence and vehicles of Viers and his girlfriend after being called to investigate an explosion at the site. The agents found several weapons, ammunition and other related items. On May 5, 1992, U.S. Probation Officer ("U.S.P.O.") Eric Watkins requested by letter the issuance of a warrant for Viers's arrest. Viers was charged with unauthorized possession of dangerous weapons and illegal possession of weapons by a convicted felon.
 
 
 5
 On May 26, 1992, a preliminary interview was conducted to determine whether probable cause existed for the alleged violations of parole. On July 10, 1992, the United States Parole Commission (the "Commission") found probable cause for the alleged violations. Hearing Examiner Lepchenske conducted a revocation hearing and received testimony from seven witnesses, including Darla Maddox ("Maddox"), Viers's girlfriend. Maddox testified the guns belonged to her and provided documentation of her ownership. One of the guns was found in the bedroom of the residence; another was found in Viers's automobile. The remaining guns were found in Maddox's automobile. Hearing Examiner Lepchenske made a recommendation of no finding of violation of parole.
 
 
 6
 The recommendation to the Regional Commissioner requires the concurrence of two examiners. Examiner Young reviewed the record and recommended a finding of violation of parole and continuance to a presumptive reparole date after service of twenty-six months. Regional Administrator Sicoli also reviewed the record and recommended a finding of violation but recommended a reparole date after service of thirty-four months. Assistant Regional Administrator Mills approved the finding of violation and Sicoli's recommended reparole date of thirty-four months. Regional Commissioner Getty adopted Mills's recommendation and revoked Vier's special parole.
 
 
 7
 On November 4, 1992, Viers appealed the decision to the Commission's National Appeals Board which affirmed the decision of the Regional Commissioner. On February 27, 1993, Viers requested his case be reopened under 28 C.F.R. Sec. 2.28. The Commission denied his request. On March 12, 1993, Viers applied for a writ of habeas corpus under 28 U.S.C. Sec. 2241 with the United States District Court for the Eastern District of Michigan. The district court denied the petition for writ of habeas corpus on October 14, 1993. This timely appeal follows.
 
 II. Discussion
 
 8
 Viers raises two issues on appeal: 1) whether the district court erred in finding a rational basis existed in the record for the Commission to find Viers violated the conditions of his parole; and 2) whether the district court erred in finding no deprivation of due process in the revocation hearing.
 
 
 9
 A. The District Court Did Not Err in Affirming the Commission's Revocation of Parole.
 
 
 10
 This court's review of Parole Commission actions is limited to the "legality of agency action, as opposed to the appropriateness of agency action within legal bounds." Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984). (emphasis in original). In Farkas this court held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. Sec. 701(a)(2), and thus is insulated from judicial review." Id. "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Hackett v. U.S. Parole Com'n, 851 F.2d 127, 130 (6th Cir.1987) (citing Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)).
 
 
 11
 While Viers asks this court to find the Commission improperly reversed Hearing Examiner Lepchenske's recommendation of no finding of violation of parole, our review is confined to the Commission's official decision to grant or deny parole. Commission regulations require the concurrence of two hearing examiners in any recommendation to the Regional Commissioner for the grant or denial of parole. 28 U.S.C. 2.23(a). If a single examiner conducts a hearing, "the case shall be reviewed on the record by an additional examiner or examiners for the required vote or votes." 28 U.S.C. 2.23(b). The recommendation of the hearing examiner panel "becomes an effective Commission decision only upon the Regional Commissioner's approval, and docketing at the regional office." 28 U.S.C. 2.23(d). Thus, Hearing Examiner Lepchenske's recommendation was only that and does not constitute a Commission decision. This court does not have the authority to review whether the Commission rightly outvoted or disregarded the hearing examiner's recommendation.
 
 
 12
 The facts in the record provide a rational basis supporting the conclusion that Viers was guilty of unauthorized possession of dangerous weapons and illegal possession of weapons by a convicted felon. Although Viers argues the weapons belonged to his girlfriend, constructive possession "exists when a person knowingly has the power and the intention at a given time to exercise dominion and control over a firearm, either directly or through others. [citations omitted]. It follows that constructive possession also exists when the person has dominion over the premises where the firearm is located." U.S. v. Clemis, 11 F.3d 597, 601 (6th Cir.1993) (citing U.S. v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991)). The facts in the record demonstrate that Viers had dominion over the trailer and vehicles where the weapons were found. Thus, constructive possession constitutes a rational basis for the Commissioner's revocation of parole.
 
 
 13
 B. The District Court Did Not Err in Finding the Revocation Hearing Did Not Deprive Viers of Due Process.
 
 1. U.S.P.O. Watkins's May 5, 1992 letter
 
 14
 Viers argues the Hearing Examiner's consideration of U.S.P.O. Watkins's May 5, 1992 letter deprived him of due process because the letter was inadmissible evidence and was not provided to him prior to the revocation hearing.
 
 
 15
 While proceedings determining revocation of parole do not merit the same level of rights due a defendant in a criminal proceeding, the termination of a parolee's liberty "calls for some orderly process, however informal." Morrissey v. Brewer, 408 U.S. 471, 480, 482 (1972). "[T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id., 408 U.S. at 489.
 
 
 16
 Viers correctly argues he has a right to the "disclosure of the evidence against him." Morrissey, 408 U.S. at 489. Viers's claim that the letter was not provided to him, however, is weakened by the fact that the letter was read to him by a probation officer at the preliminary interview. Further, the Commission also claims that a copy of the letter was sent to Viers in a packet of other materials.
 
 
 17
 Thus, the district court correctly held Viers failed to demonstrate the Commission violated his right to due process by admitting the letter as evidence or withholding the letter from him.
 
 2. Cross-examination of A.T.F. Agent Noble
 
 18
 Viers also claims he was denied cross-examination of agent Vince Noble, an A.T.F. agent who participated in the search of Viers's residence and automobiles but did not attend the parole hearing. Due process requires that a parolee in a parole revocation hearing be afforded the right to confront and cross-examine adverse witnesses, absent the Commission's finding of good cause as to why the confrontation should not occur. Morrissey, 408 U.S. at 489. Agent Noble was subpoenaed by the hearing examiner but could not attend because he was testifying in another hearing. Instead, another officer present at the investigation testified at Viers's hearing. This officer was subject to cross-examination. In this case, the district court correctly ruled, the Commission "had good cause and a substantial reason to conduct the hearing in Vince Noble's absence." No due process violation occurred.
 
 III. Conclusion
 
 19
 For the reasons stated above, we AFFIRM the denial of the writ of habeas corpus by the Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, Southern Division.