67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone WILSON, Defendant-Appellant.
 No. 95-5037.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Tyrone Wilson appeals the sentence imposed by the district court following his guilty plea to two counts of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Wilson argues that the district court erred in increasing his offense level by two levels pursuant to USSG Sec. 2D1.1(b)(1) and asks this Court to remand his case for resentencing. We decline to do so.
 
 
 2
 Tyrone Wilson was arrested on July 21, 1994, when officers of the Memphis, Tennessee Police Department secured and executed a search warrant for Wilson's residence at 4687 Brigidier, apartment number two. The warrant had been secured on the basis of information received from an informant that a black male nicknamed "Tye" was selling crack cocaine from the apartment. After verifying the information by observing a large amount of traffic in and out of the apartment, the officers sought and obtained the search warrant. While executing the search warrant, police officers found a substantial amount of drugs in the downstairs kitchen and three weapons in the upstairs bedroom of the apartment. Wilson subsequently pled guilty to two counts of a three count drug indictment. The district court sentenced Wilson to six and one half years imprisonment and four years of supervised release.
 
 
 3
 When calculating Wilson's sentence, the district court judge applied a two level increase in Wilson's offense level pursuant to section 2D1.1(b)(1) of the sentencing guidelines for possession of a dangerous weapon. USSG Sec. 2D1.1(b)(1) (Nov. 1994). Section 2D1.1(b)(1) directs the district court to increase a defendant's offense level by two levels for possession of a dangerous weapon during the commission of a drug trafficking offense. Application Note Three to Section 2D1.1(b)(1) indicates that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG Sec. 2D1.1, comment. (n. 3). Once the government establishes that a defendant was in possession of a dangerous weapon, the burden shifts to the defendant to show that the weapon was not connected to the offense. United States v. Garner, 940 F.2d 172, 176 (6th Cir.1991).
 
 
 4
 Wilson argues that the district court erred in determining that the guns found in his bedroom were connected to the drug offenses to which he pled guilty. He points out that the handguns were not found in the same room as the cocaine and argues that he possessed the guns simply for personal protection. However, the district court determined that Wilson did not establish that it was "clearly improbable" that the guns were connected to the offense. We uphold the district court's ruling.
 
 
 5
 This court reviews the district court's factual findings for clear error. United States v. Peters, 15 F.3d 540, 546 (6th Cir.1994) (citations omitted), cert. denied, 115 S.Ct. 219 (1994). Further, we must give due deference to the district court's application of the guidelines to the facts. Id.; see also 18 U.S.C. Sec. 3742(e). At the sentencing hearing, the district court judge did not believe that Wilson had established that it was "clearly improbable" that the guns were connected to the drug offenses. We agree with the district court's ruling. The commentary to Section 2D1.1(b)(1) suggests that the two level enhancement should not apply if, for example, "the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." Here, however, several loaded handguns were found in Wilson's bedroom. The weapons "could have facilitated" Wilson's illegal drug activities. United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990) (finding two handguns found in bedroom to be sufficiently connected to cocaine found in basement), cert. denied, 498 U.S. 698 (1991). The facts of this case are more akin to those in Snyder than those presented in the commentary to Section 2D1.1(b)(1). Therefore, the district court's ruling was not clearly erroneous.
 
 
 6
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation