**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian TERRY, Defendant–Appellant.**

No. 00–5719.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

Brian Terry pleaded guilty to aiding and abetting the possession of methamphetamine for intended distribution, aiding and abetting the attempted manufacture of methamphetamine, aiding and abetting the manufacture of methamphetamine, and being a felon in possession of a firearm. *See* 18 U.S.C. §§ 2, 922(g)(1) *and* 924(a)(2); 21 U.S.C. §§ 841(a)(1) *and* 846. On May 19, 2000, he was sentenced to 151 months of imprisonment and five years of supervised release. It is from this judgment that Terry now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Terry now argues that his offense level should not have been increased for possessing a firearm in connection with his drug-trafficking offenses, as almost all of

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

the methamphetamine was discovered in an outbuilding and not with a loaded rifle that was found in the bedroom of the trailer where he lived. *See generally* USSG § 2D1.1(b)(1) (1998). The parties agree that this claim involves factual findings that are reviewed for clear error on appeal. *See United States v. Hill,* 79 F.3d 1477, 1481 (6th Cir.1996). However, the district court's application of the sentencing guidelines involves a legal question that is reviewed *de novo. See id.*

Terry's argument lacks merit because the rifle was found leaning against the bed in the same trailer as some methamphetamine residue and several thousand pseudoephedrine pills. In addition, more than two pounds of methamphetamine was discovered in a nearby shed. It is undisputed that Terry had actual possession of the rifle and that pseudoephedrine is a precursor chemical used in the manufacture of methamphetamine. Indeed, the possession of a firearm in connection with the pseudoephedrine was independently sufficient to support a two-level increase in Terry's offense level. *See* USSG § 2D1.11(b)(1) (1998). Thus, the government met its initial burden of establishing that the rifle was possessed during a drug offense, and the burden shifted to Terry to show that it was "clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3) (1998); *accord Hill,* 79 F.3d at 1485–86. Terry's bare assertion that he used the rifle only for hunting is not sufficient to meet this burden. *See United States v. Calhoun,* 49 F.3d 231, 236–37 (6th Cir. 1995); *United States v. Sivils,* 960 F.2d 587, 596 (6th Cir.1992); *United States v. Snyder,* 913 F.2d 300, 303–04 (6th Cir. 1990). Thus, the district court did not commit clear error when it increased his total offense level under § 2D1.1(b)(1).

Finally, we note that defense counsel was allowed to withdraw after filing a brief in this appeal. Terry's motion for the appointment of new counsel has already been denied by a prior order of this court. Nevertheless, we have considered the claims that were raised in Terry's motion, and agree that he has not shown that the appointment of new counsel was warranted.

Accordingly, the district court's judgment is affirmed.