**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas J. REED, Defendant–Appellant.**

**No. 90–6502.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1991.

Decided Dec. 4, 1991.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Jacquelyn A. Jess, Asst. U.S. Atty. (argued and briefed), Covington, Ky., for plaintiff-appellee.

Deanna L. Dennison (argued and briefed), Covington, Ky., for defendant-appellant.

Before MARTIN and MILBURN, Circuit Judges and ROSEN, District Judge *.

MILBURN, Circuit Judge.

Defendant Thomas J. Reed appeals the sentence imposed on him following his guilty plea and conviction for the knowing use of an unauthorized access device (credit card) with intent to defraud in violation of 18 U.S.C. § 1029(a)(2). The issues in this case are (1) whether the trial court erred in denying defendant a two-level reduction for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a); and (2) whether the district court erred in finding, pursuant to U.S.S.G. § 4B1.3, that defendant committed the offense as part of a pattern of criminal conduct he engaged in as a livelihood. For the reasons that follow, we affirm.

I.

On February 14, 1990, defendant pled guilty to a one-count information charging him with using an unauthorized access device (credit card) to obtain merchandise by fraud during the period December 1, 1989, through December 12, 1989. Thereafter, in March 1990, while confined in the Kenton County, Kentucky Jail awaiting sentencing on April 27, 1990, he continued his credit card fraud by using the jail telephone to order $4,500 worth of merchandise which was delivered to various addresses in Newport, Kentucky. Defendant admits his responsibility for the March frauds. Brief of Appellant at 3.

* Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Defendant's probation officer filed a pre-sentence report recommending (1) that defendant be denied a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and (2) that defendant's minimum offense level be established at thirteen in accordance with the criminal livelihood provisions of U.S.S.G. § 4B1.3. Defendant objected to these recommendations, and the matter was referred to the magistrate judge who conducted a hearing and filed a report and recommendation in which he recommended, among other things, that the criminal livelihood provision of U.S.S.G. § 4B1.3 be applied to defendant and that defendant be denied the two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Defendant's objections to the report and recommendation were overruled by the district court, and it adopted the magistrate judge's findings of fact and conclusions of law on October 11, 1990.

Sentencing was held on November 14, 1990. The district court established defendant's offense level at 13 and determined his criminal history to be category VI. These findings called for a sentence of imprisonment of between thirty-three and forty-one months. The district court sentenced defendant to a term of imprisonment of forty-one months and a three-year period of supervised release. Restitution of $21,880.36 was waived because defendant had no ability to pay restitution. This timely appeal followed.

## II.

### A.

Defendant argues that the district court erred when it declined to reduce the defendant's offense level of thirteen by two levels in consideration of defendant's acceptance of responsibility for his criminal conduct. U.S.S.G. § 3E1.1(a) provides:

If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

■ The determination of a defendant's acceptance of personal responsibility is a question of fact, and the district court's findings are to be accepted by reviewing courts unless clearly erroneous. *United States v. Snyder*, 913 F.2d 300, 305 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 709, 112 L.Ed.2d 698 (1991); *United States v. Christoph*, 904 F.2d 1036, 1041 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991); *United States v. Luster*, 889 F.2d 1523, 1525 (6th Cir.1989). Also, 18 U.S.C. § 3742(e) expressly provides:

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

Defendant argued in the district court, as he does here, that

the standard set forth in subsection (a) of the guideline requires that the Defendant "clearly" demonstrate "a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The dictionary meaning of "responsibility" is "accountability." Thus, a literal reading of subsection (a) would require that the Defendant indicate a willingness to be held accountable—an acceptance of punishment. Such a reading *would not* require that the Defendant express remorse, apologize to any victim, or promise not to commit criminal acts in the future, since failing to do any of those things does not mean that the Defendant is unwilling to accept punishment.

Brief of Appellant at 7.

■ The magistrate judge refused to recommend a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he found that defendant's post-plea use of the jail's telephone to continue his fraudulent activities indicated "an unwillingness to learn from the errors committed. Such an argument defeats the rehabilitative purposes of the sentencing guidelines, and certainly is incon-

sistent with a finding that Reed has clearly demonstrated a recognition of personal responsibility."

The district court denied the two-level reduction on the same grounds:

> It hardly indicates acceptance and responsibility. It means you have to accept responsibilities, means you have to do something about your part. Committing further credit card fraud while you are in jail for credit card fraud hardly indicates that. That's why you were denied those levels.

■ Defendant's argument that contrition is not a prerequisite to obtaining the benefits of U.S.S.G. § 3E1.1 is specious. That defendant's contrition is an important factor in determining whether a defendant has demonstrated an acceptance of responsibility may be seen in *United States v. Snyder*, 913 F.2d 300, 305 (6th Cir.1990), where the defendant used a jail telephone to continue his drug trafficking while being held in pretrial detention. This court, in establishing its standard of review in *Snyder*, quoted with approval from *United States v. Wilson*, 878 F.2d 921, 923 (6th Cir.1989) (quoting *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989)), as follows:

> Because the trial court's assessment of a defendant's *contrition* will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area.

*Snyder*, 913 F.2d at 305 (emphasis added). The identical language is also approved in *Luster*, 889 F.2d at 1525–26, and in *Christoph*, 904 F.2d at 1041.

In *Christoph*, the defendant was denied a two-level reduction for acceptance of responsibility in part because the defendant, charged with exactly the same offenses as in this case, continued his fraudulent credit card activities from a telephone in the jail where he awaited the disposition of his case. The district court "refused to award a sentence reduction because he failed to find the degree of 'admission and contriteness' necessary to indicate an acceptance of responsibility." *Id.* at 1041. Thus, contri-

tion has been recognized by this court as a component of a defendant's acceptance of responsibility.

Contrition may be the best predictor of a successful rehabilitation, and those who undertake a "voluntary termination or withdrawal from criminal conduct or associations," U.S.S.G. § 3E1.1, comment (n.1), demonstrate a form of contrition. Those who continue their crimes in jail and do not voluntarily withdraw from their criminal conduct demonstrate the opposite—a cynical and remorseless contempt for law. Such continued criminal conduct is incompatible with the idea of acceptance of responsibility.

### B.

■ Defendant also argues that the district court erred when it applied the provisions of U.S.S.G. § 4B1.3 to establish his offense level at not less than thirteen. Section 4B1.3 provides:

> If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

As stated earlier, the district court did not credit defendant with acceptance of responsibility under section 3E1.1, and it computed his sentence using an offense level of thirteen.

Defendant argues that U.S.S.G. § 4B1.3 "requires criminal activity for a longer period of time than that which took place during the Defendant's offense." Brief of Appellant at 12. Although defendant insists that his criminal offense conduct occurred over a period of only seven weeks, the district court adopted the magistrate judge's findings that defendant's criminal offense behavior began in mid-August 1989 and continued until his arrest on December 12, 1989, by which time he had fraudulently obtained merchandise worth approximately $12,780.36. In March 1990, defendant resumed the operation of his fraudulent scheme and defrauded merchants of ap-

proximately $4,500 worth of merchandise. Thus, between mid-August 1989 and mid-March 1990, a span of seven months, defendant's fraudulent credit card use resulted in the delivery to him or his designees of merchandise valued at over $17,000.

In *United States v. Irvin*, 906 F.2d 1424 (10th Cir.1990), the defendant used fraudulently obtained credit cards to acquire $4,894.72 worth of goods over a period of five to seven months. The Tenth Circuit rejected defendant's argument that this period of time was not long enough to constitute a "pattern of criminal conduct" under U.S.S.G. § 4B1.3 and instead held that "defendant's well-organized criminal venture continuing for a period of approximately five to seven months also fits within the definition of a pattern of criminal conduct." *Id.* at 1426. Courts considering this question have had no difficulty in upholding district court findings that similar periods of time constituted patterns of criminal conduct within the meaning of U.S.S.G. § 4B1.3. *United States v. Salazar*, 909 F.2d 1447, 1449 (10th Cir.1990) (seven to eight-month period); *United States v. Hearrin*, 892 F.2d 756, 760 (8th Cir.1990); *see United States v. Cryer*, 925 F.2d 828, 830 (5th Cir.1991) (four-month spree sufficient to establish that defendant's primary occupation within a twelve-month period was criminal conduct).

U.S.S.G. § 4B1.3, comment (n.1), defines "pattern of criminal conduct" as "criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses." This definition does not attempt to delineate the length of a "substantial period" or define the length of any gap period such as might interrupt a "pattern of criminal conduct." Its recognition that "independent offenses" may constitute a pattern implies that the pattern may contain gaps or periods of lull during which no offenses are committed. In this case, defendant's scheme to defraud was temporarily interrupted as a result of his arrest

on December 12, 1989, and his detention on these charges. Jail proved to be only a temporary setback, however, and defendant "got his second wind" in March. The seven-month period between August 1989 and March 1990 is long enough to constitute "a substantial period of time," and the district court did not err in so finding.[1]

Defendant also argues that the government did not meet its burden of showing that defendant engaged in his pattern of criminal conduct "as a livelihood." Application Note 2 of U.S.S.G. § 4B1.3 provides:

> "Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (*e.g.*, the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).

In *United States v. Luster*, 889 F.2d 1523, 1531 (6th Cir.1989), this court upheld the application of the predecessor of U.S.S.G. § 4B1.3 to a situation in which a defendant's three-month credit card spree earned him $8,223.58 worth of goods and services while his legitimate income amounted to only $500 earned by parking cars. In *United States v. Salazar*, 909 F.2d 1447, 1449 (10th Cir.1990), the Tenth Circuit affirmed the application of U.S.S.G. § 4B1.3 to a defendant who, during a seven to eight-month period, realized between $13,500 and $27,000 from criminal activities while legitimately earning only $2,100 to $2,400.

In this case, the defendant's fraud realized over $17,000 worth of merchandise within a seven-month period, while his legitimate earnings amounted only to $350. Thus, the evidence shows that the criminal

---

1. The magistrate judge also found generally that defendant had "a history of both similar and non-similar offenses." This is an apparent reference to defendant's lengthy criminal history which is set out in the presentence report. The district court, however, seems not to have relied on any previous offenses to constitute the pattern in this case.

conduct for which defendant was convicted was his primary occupation within the twelve-month period ending in March 1990. Therefore, the district court committed no error in applying U.S.S.G. § 4B1.3 in this case.

### III.

For the foregoing reasons, the sentence of the district court in this case is AFFIRMED.