12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacob STAMPER, Defendant-Appellant.
 No. 93-5065.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a sentence imposed in a drug case. Contending that he had made a clear demonstration of acceptance of responsibility for his crime, the defendant asserted that he was entitled to a two-level reduction in his offense level under U.S.S.G. Sec. 3E1.1(a). The district court rejected the defendant's contention. We conclude that the district court's findings were not clearly erroneous, and we shall therefore affirm the sentence.
 
 
 2
 * The defendant, Jacob Stamper, was indicted on several counts of possession of LSD and marijuana with intent to distribute the substances. He was released on bond, but three months later the government sought to have the release revoked on the basis of evidence that during the period of his release Mr. Stamper had been arrested for driving under the influence of alcohol and had sold drugs illegally to a man named Hagan. The district court revoked the release on the basis of the DUI episode, finding it unnecessary to reach the drug sale issue.
 
 
 3
 Mr. Stamper subsequently pleaded guilty to all counts of the indictment. At a sentencing hearing held on December 17, 1992, he urged the district court to grant a two-level reduction in his sentencing guidelines offense level because he had demonstrated acceptance of responsibility by entering a guilty plea and by offering assistance to the government.
 
 
 4
 The evidence is clear that Mr. Stamper informed government officials of the location of a marijuana field and that he completed one drug deal at the instance of government agents while working for them under cover. Mr. Stamper claims that he became concerned about the government's failure to utilize his services more extensively, however, and he says that he took it upon himself to set up additional drug deals in order to provide greater assistance to the government. He denies that he sold drugs to Mr. Hagan while released on bond, and he says that he only dealt with Mr. Hagan in an effort to help catch other drug dealers.
 
 
 5
 The evidence indicates, however, that the government agents ordered Mr. Stamper not to engage in such conduct without direction from them. The agents did not direct Mr. Stamper to transact business with Hagan, and Stamper told them nothing about Hagan until after he learned that Hagan had been arrested.
 
 
 6
 The district court simply did not believe Mr. Stamper's explanation of his activities. Because the court concluded that Mr. Stamper had not withdrawn from his criminal associations and criminal conduct, it declined to grant a reduction in the offense level for acceptance of responsibility. With a two-level reduction, the guideline sentencing range would have been imprisonment for 121-151 months. Without the reduction, the range was 151-188 months. The court imposed a sentence--163 months--within the latter range. Mr. Stamper has perfected a timely appeal.
 
 II
 
 7
 The United States Sentencing Guidelines provide for a two-level reduction in the defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense...." U.S.S.G. Sec. 3E1.1(a). The defendant has the burden of proving acceptance of responsibility by a preponderance of evidence. United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991); United States v. Rodriguez, 896 F.2d 1031, 1033 (6th Cir.1990).
 
 
 8
 Application Note 3 in the commentary following Sec. 3E1.1 says that a guilty plea "combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility." The note adds, however, that "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Application Note 1 lists the following considerations as relevant to a determination of whether a defendant qualifies for the two-level reduction:
 
 
 9
 "(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct.... However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;
 
 
 10
 (b) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (d) voluntary surrender to the authorities promptly after commission of the offense;
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 (g) post-offense rehabilitative efforts ...; and
 
 
 17
 (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."
 
 
 18
 A decision to deny a reduction for acceptance of responsibility is reviewed by this court under a "clearly erroneous" standard. United States v. Tisdale, 952 F.2d 934, 940 (6th Cir.1992); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec. 3E1.1, Application Note 5. See also Wilson, 878 F.2d at 923; United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989).
 
 
 19
 The district court rejected Mr. Stamper's contention that the subsequent drug deals were undertaken in an effort to help the government. The findings made by the district court in this connection are not clearly erroneous, in our view.
 
 
 20
 Although Mr. Stamper's guilty plea and the assistance he provided the government agents certainly cut in his favor, his continued drug dealing is inconsistent with the conclusion that he accepted responsibility for his criminal behavior. See United States v. Reed, 951 F.2d 97 (6th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992) (defendant convicted of wire fraud was not entitled to an adjustment for acceptance of responsibility when he engaged in further telephone fraud from a jail telephone); United States v. Wivell, 893 F.2d 156 (8th Cir.1990) (defendant convicted of possession with intent to distribute cocaine was not entitled to an acceptance of responsibility reduction when he sold cocaine while released on bond).
 
 
 21
 AFFIRMED.