25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Lashawn CLARK, Defendant-Appellant.
 No. 93-1418.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Eddie Lashawn Clark appeals his sentence based upon the district court's application of a two-level enhancement for possessing a firearm during the commission of a drug offense and the court's refusal to decrease the offense level for acceptance of responsibility. For the reasons stated herein, we affirm the sentence imposed by the district court.
 
 I.
 
 2
 Clark was indicted on one count of distribution of cocaine base, one count of possession of cocaine base with intent to distribute, and one count of using or carrying a firearm during or in relation to a drug trafficking offense. This indictment stems from an operation during which Bureau of Alcohol, Tobacco and Firearms Agent Michael Yott, acting undercover, purchased crack cocaine from Clark. Yott went to a location in Detroit, Michigan to purchase the crack. As he entered the house, Sandy Robinson held a .22 caliber rifle on him. Clark and Jerome Becker[1] directed Yott to a bedroom where Yott purchased two rocks of crack from Clark for $20.00. During this time, Robinson remained outside the bedroom. After Yott paid for the crack, Robinson, still holding the gun, escorted Yott out. A search warrant executed later that day turned up part of the money paid by Yott to Clark, the loaded .22 caliber rifle that had been held by Robinson, as well as twenty-five additional rocks of crack.
 
 
 3
 Clark failed to appear for trial. After his subsequent arrest, a superseding indictment was returned, adding a count of bond jumping. At the arraignment on the superceding indictment, Clark's attorney notified the government that Clark was willing to plead guilty to the two drug counts and the bond jumping count and requested that the count charging him with using or carrying a firearm during or in relation to a drug trafficking offense be dismissed as Clark claimed he was not guilty of the offense. The government rejected this offer, and Clark was tried on all four counts.
 
 
 4
 A jury found Clark guilty of both drug charges and the bond jumping charge, but acquitted him on the firearm charge. At sentencing, the court, over Clark's objection, applied a two-point enhancement, pursuant to U.S.S.G. Sec. 2D1.1(b), for Clark's possession of a weapon during the commission of a drug trafficking offense. Additionally, Clark requested a reduction in his offense level pursuant to U.S.S.G. Sec. 3E1.1 for his acceptance of responsibility; however, the court refused to apply such a downward departure. The court sentenced Clark to concurrent forty-six month terms for the two drug counts and to a twenty-four month consecutive term on the bond jumping count, to be followed by three years supervised release.
 
 II.
 
 5
 The Sentencing Guidelines provide for a two level increase of the base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking offense. U.S.S.G. Sec. 2D1.1(b). According to the commentary to Sec. 2D1.1, the weapons enhancement "should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1, comment. (n. 3)
 
 
 6
 In applying this provision, the Government must prove, by a preponderance of the evidence, United States v. Duncan, 918 F.2d 647, 652 (6th Cir.1990), cert. denied, 500 U.S. 933 (1991), "(1) that the defendant 'possessed' the weapon, and (2) that such possession was during the commission of the offense," United States v. Tisdale, 952 F.2d 934, 937 (6th Cir.1992) (citation omitted). Possession can be either actual or constructive, United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991), and possession of a weapon by an accomplice can be sufficient to warrant an enhancement, Duncan, 918 F.2d at 651.
 
 
 7
 The district court, at sentencing, found that Clark possessed a firearm during a drug crime; this is a factual determination that is reviewed for clear error. Id. at 650. Upon review of the record, we find that the district court's conclusion was not clearly erroneous. Yott testified that Robinson, Clark's co-defendant, held the .22 caliber rifle on Yott during at least part of the crack purchase, and a subsequent search of the house produced both the loaded rifle and several rocks of crack.
 
 
 8
 Once the government has established that the weapon was possessed during the commission of a drug offense, the burden then shifts to the defendant to show that the weapon was not connected to the offense. United States v. Garner, 940 F.2d 172, 175 (6th Cir.1991); see also U.S.S.G. Sec. 2D1.1, comment. (n. 3). Clark contends that because of the particular type of weapon involved, it was "highly improbable and ... defied logic that a .22 caliber rifle was in fact used in the commission of the drug offense." Clark contends that a .22 rifle is too heavy and cumbersome to have been used in any type of drug transaction. This argument was made at sentencing and was rejected by the district court. In doing so, the district court accepted the testimony of Agent Yott that the rifle was held on him while he was in the Marlborough Street house, and we find no error in this. While a .22 rifle may be more cumbersome than a handgun, it is a relatively small rifle, and, given the circumstances, Clark has failed to show that the rifle was not connected with the drug offense.
 
 
 9
 Clark also contends that the sentencing court's finding on the weapons enhancement is inconsistent with the jury's verdict finding Clark not guilty on the weapon's charge. However, the jury's verdict only means that the jury did not find guilty beyond a reasonable doubt; furthermore, we have recognized previously that "an acquittal on a firearms carrying charge leaves ample room for a district court[, at sentencing,] to find by the preponderance of the evidence that the weapon was possessed during the drug offense." Duncan, 918 F.2d at 652.
 
 
 10
 Clark refers us to the decision in United States v. Brady, 928 F.2d 844 (9th Cir.1991), to support his proposition that the sentencing court should not have applied the weapons enhancement where the jury had acquitted him on the weapons charge. Brady is inapposite. Despite some language to the effect that the Sentencing Guidelines should not be used to punish a defendant for an offense for which he had been acquitted, the actual decision in Brady more narrowly held that "the sentencing court's determination of Brady's state of mind is an impermissible factor on which to depart from the Guidelines." Id.[2]
 
 III.
 
 11
 Clark contends that his willingness to plead guilty to the drug and bond jumping charges constituted acceptance of responsibility warranting a downward adjustment of his offense level pursuant to U.S.S.G. Sec. 3E1.1. However, the district court refused to award Clark a reduction for acceptance of responsibility because Clark had not accepted responsibility "with respect to the entire transaction."
 
 
 12
 Whether Clark's actions constitute acceptance of responsibility is a factual determination that we will accept unless clearly erroneous. United States v. Reed, 951 F.2d 97, 99 (6th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992). Additionally, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," U.S.S.G. Sec. 3E1.1, comment. (n. 5), the district court's findings will be reversed only in extraordinary circumstances, United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992).
 
 
 13
 The record shows no clear error warranting reversal of the district court's decision refusing to adjust the offense level for acceptance of responsibility. Clark emphasizes his willingness from the outset to plead guilty to the drug and the bond jumping charges. However, though he may have been willing, he never actually pled guilty, but went to trial on all four counts. Even if he had entered guilty pleas, he would not have automatically been entitled to a reduction for acceptance of responsibility as a matter of right. Id. at 400.
 
 
 14
 Finally, Clark's presentence report indicates that he continued his criminal behavior after he failed to appear for his first trial. Such conduct is clearly inconsistent with acceptance of responsibility. See id.; United States v. Watkins, 994 F.2d 1192, 1197 (6th Cir.1993).
 
 
 15
 Finding no error in the defendant's sentencing, the decision of the district court is hereby
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Robinson and Becker were tried separately from Clark
 
 
 [2]
 In Brady, the defendant was indicted for first degree murder and assault with intent to commit murder. However, the jury convicted the defendant on the lesser included offenses of voluntary manslaughter and assault with a dangerous weapon. At sentencing, the district court departed upward on the basis of the defendant's state of mind, effectively sentencing him for second degree murder and assault with intent to commit murder. 928 F.2d at 845-46