74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Fred Robert SMITH III, Defendant-Appellant.
 No. 94-6113.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1996.
 
 Before: KEITH and MARTIN, Circuit Judges; and SMITH, District Judge.[1]
 PER CURIAM:
 
 
 1
 The defendant-appellant, Fred Robert Smith III, appeals the district court's sentence imposed upon him under the Federal Sentencing Guidelines for the offenses of cultivating marijuana in a national park and assaulting a federal park ranger. On appeal Smith argues that the sentencing court erred in refusing to grant a two-point reduction for acceptance of responsibility in the sentence calculation. He also contends the trial court erred by including a post-offense domestic assault charge as part of his criminal history record. For the reasons stated below, we affirm the district court's judgment.
 
 I.
 
 2
 On April 11, 1994, national park rangers arrested Fred Robert Smith III for the manufacture and cultivation of marijuana in the Great Smoky Mountains National Park, a violation of 21 U.S.C. Secs. 841(a)(1) and (b)(D)(5). Smith then assaulted one of the arresting rangers, a violation of 18 U.S.C. Sec. 113(b), kicking him in the face and dislocating the ranger's left eye from its socket. On April 25, 1994, Smith pleaded guilty to a two-count information following a plea agreement with the United States. Sentencing was deferred for a pre-sentence investigation and report by the United States Probation Office.
 
 
 3
 On June 2, 1994, Knoxville, Tennessee police arrested Smith for domestic assault on a roommate. Smith allegedly pinned her down and hit her repeatedly. Although Smith agreed to plead guilty to this charge on June 15, 1994 the county judge did not accept his plea on this date. Meanwhile, on August 8, the district court sentenced Smith to twelve months imprisonment for the drug count and six months imprisonment for the assault count, to be served concurrently.
 
 II.
 
 4
 Whether a defendant has accepted responsibility for his or her criminal behavior is generally a question of fact for the sentencing court. United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993). Therefore, the sentencing judge's determination is to be given great deference upon review. The court of appeals "shall ... accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." United States v. Crousore, 1 F.3d 382, 386 (6th Cir.1993); United States v. Clemons, 999 F.2d 154, 157 (6th Cir.1993), cert. denied, 114 S.Ct. 704 (1994).
 
 
 5
 Smith argues that he is entitled to a two-point reduction in the calculation of his total offense level because he pleaded guilty early and sought treatment for his substance abuse and psychological problems. He further asserts that the district court's consideration of the June 2, 1994 criminal assault charge filed by his roommate was improper in determining his sentence under the federal guidelines. We disagree.
 
 III.
 
 6
 As noted in the sentencing guidelines commentary, although a timely guilty plea is strong evidence of acceptance of responsibility, it does not entitle the defendant to an adjustment. This evidence may be outweighed by conduct of the defendant that is inconsistent with acceptance of responsibility. See U.S.S.G. Sec. 3E1.1, Application Note 3. Among the factors the sentencing court may consider in determining whether the defendant has accepted responsibility is whether the defendant voluntarily terminated or withdrew from criminal conduct or behavior. U.S.S.G. Sec. 3E1.1, Application Note 1(b). For purposes of determining an adjustment for acceptance of responsibility the defendant need not withdraw from all types of criminal conduct in order to admit responsibility for the charged offense. The sentencing court may, however, consider post-plea criminal conduct that is related to the charged offense as evidence that the defendant has not accepted responsibility. See United States v. Morrison, 983 F.2d 730, 735 (6th Cir.1993).
 
 
 7
 Related conduct includes offenses of the same type as the underlying offense. Id. This court has denied the two-point reduction for acceptance of responsibility based on post-plea criminal conduct. See United States v. Reed, 951 F.2d 97 (6th Cir.1991), cert. denied, 503 U.S. 996 (1992) (denying two-point reduction where defendant charged with fraud committed further fraud while incarcerated); United States v. Wivell, 893 F.2d 156 (8th Cir.1990) (refusing to grant request for two-point reduction because defendant continued to deal cocaine while out on bond for cocaine distribution).
 
 
 8
 In the instant case, one of the underlying offenses is a violent assault on a park ranger. Just a few weeks after pleading guilty to this assault, defendant Smith assaulted a female roommate. Repeated assaults are the kind of conduct that the court in Morrison outlines as the same type of offense to take into account for purposes of determining acceptance of responsibility. Morrison, 983 F.2d at 735. Therefore, the sentencing court's consideration of the second assault in determining defendant's sentence was not clearly erroneous.
 
 
 9
 In addition to considering subsequent criminal conduct, the sentencing court also may contemplate whether the defendant voluntarily surrendered to authorities promptly after committing the offense. U.S.S.G. Sec. 3E1.1, Application Note 1(d). In Smith's case, he did just the opposite. He fought the park rangers after they arrested him, assaulted one of the rangers and damaged the rangers' cruiser. The trial court may have properly included this factor in its sentencing determination as well.
 
 
 10
 Affording the trial court due deference, we hold that the district court did not commit clear error in determining that Smith did not deserve the two-point reduction for acceptance of responsibility.
 
 IV.
 
 11
 Smith alleges as his second assignment of error that the district court erred by adding a criminal history point for the June 2, 1994 criminal assault charge of his roommate, thus raising his criminal history category from Level I to Level II.
 
 
 12
 The sentencing judge may use, without limit, any information regarding the background, character, and conduct of the defendant when choosing a point within the guideline range or in making a departure from the guidelines. See U.S.S.G. Sec. 1B1.4. Therefore, the sentencing judge may have properly considered the second assault in determining defendant's sentence.
 
 
 13
 Moreover, the twelve months sentence imposed upon Smith is still within the guideline range had a criminal history category of Level I been used to determine the sentence. The range for a defendant with Smith's base offense level and a criminal history category Level I is ten to sixteen months. The imposition of a twelve months sentence is well within this range. Therefore, we hold that the district court's inclusion of the state criminal assault charge in the calculation of Smith's criminal history category was not clear error.
 
 V.
 
 14
 For the above stated reasons, the sentence imposed against defendant Fred Robert Smith III by the Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee Northern Division is hereby AFFIRMED.
 
 
 
 [1]
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation